EASTERN DIST.
February, 1837.

ARNOUS,
TUTOR, &c.
vs.
LESASSIER.

Where the testimony is contradictory, on mere questions of fact, the verdict of the jury, when it is not apparently erroneous, will not be disturbed.

---

### ARNOUS, TUTOR, &c., vs. LESASSIER.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the defendant was capable of contracting, he cannot avail himself, when sued, of the *incapacity* of the other contracting parties, who were minors at the time, but seek to enforce the contract by their tutor.

Where one of several heirs, takes a contract from another person, who had purchased the property from the succession, inherited by all the heirs, he will only be bound to pay to his co-heirs such sum, as the original contracting party was bound for, after allowing full credit for all payments and offsets.

This is an action instituted by René Arnous, natural tutor of his minor daughter, who inherits, in right of her deceased mother, Virginie Lesassier, who, with the defendant, Timoleon Lesassier, and Luke Lesassier, a minor, are the three sole heirs of Madame Rivas, deceased, their common

mother; to recover from the defendant one third of the price due on a plantation, purchased originally from Madame Rivas' succession, by one Elbert Woodward.

The pleadings and facts of this case are so fully set out in the opinion of the court, delivered by judge Bullard, that it is unnecessary to repeat them.

EASTERN DIST.
February, 1837.

ARNOUS,
TUTOR, &c.
vs.
LESASSIER.

The district judge estimated the one third part, which was coming to the plaintiff, as one of the three heirs, on account of the sale of the plantation in question, at six thousand two hundred and forty-five dollars, with interest &c., and rendered judgment in her favor, against the defendant, for that sum. The latter appealed.

*Davis*, for the plaintiff.

*Stacy* and *Labauve*, contra.

*Bullard, J.*, delivered the opinion of the court.

The facts, as exhibited in the record in this case, are, that the plaintiff's minor daughter, the defendant, Timoleon Lesassier, and his brother Luke, who is a minor, are the heirs at law of Matilda Rivas. That at the sale of the property belonging to the estate, a plantation, in the parish of Iberville, was purchased by one Woodward, for thirty-five thousand one hundred and ten dollars, payable in four annual instalments, with a reservation of mortgage on the land, and for better security, he also mortgaged certain slaves. It appears, that he paid eighteen thousand five hundred and ninety-eight dollars on account of the price; and having been evicted of a part of the land, in an action brought against him by one Camp, he recovered a judgment, in warranty, against the heirs, for ten thousand six hundred dollars, leaving a balance due to the heirs, of five thousand nine hundred and twelve dollars, besides interest. On the 27th of January, 1835, Woodward and the heirs, the minors being represented by their tutor, and Lesassier, in his own right, being of age, entered into a contract under private signature, afterwards duly recorded in the parish of Iberville, by which it was

75

EASTERN DIST.
February, 1837.

ARNOUS,
TUTOR, &c.
vs.
LESASSIER.

agreed and stipulated, that Woodward sold and conveyed to Timoleon Lesassier, the tract of land in question, with its improvements, for the price of eighteen thousand five hundred and ninety-eight dollars, payable in three annual instalments, with mortgage on the property. For further consideration of the sale, Lesassier, in his personal capacity, and Arnous, in his own right, and as natural tutor of his daughter and Luke Lesassier, in his own person, expressly agree with Woodward, that the succession sale and adjudication of the plantation, remain cancelled, rescinded and annulled, and Woodward released from all liability whatever. The last clause of this contract is in the following terms: "The foregoing act of sale being expressly intended and understood as a rescision of said succession sale, adjudication and deed thereon predicated, as a taking back of the property by and on the part of the above parties of the first part, as heirs and legal representatives of said Matilda Rivas, and in their personal capacities, and the mortgage for thirty-five thousand one hundred and ten dollars on the negroes of Elbert Woodward, &c., is hereby released, cancelled and discharged."

On the 21st of February, 1835, the same parties went before a notary public, and entered into a more formal agreement in the nature of a transaction or compromise, for the purpose of putting an end to, and preventing, all litigation and difference between them. This contract embraces, in the first place, a preliminary statement of facts, admitted by the parties, in which are recited the purchase of the land by Woodward, the payment of eighteen thousand five hundred and ninety-eight dollars, in principal and interest, the eviction of a part of the land above mentioned, and the judgment recovered by Woodward against the heirs, for ten thousand six hundred dollars. The agreement then states, that Woodward proposes a compromise on the following basis, to wit: That he sells and conveys to Timoleon Lesassier, the said plantation, upon the conditions that Lesassier should put himself in the place and stead of said Woodward, as to the payment of all sums of money due, or to be paid to the coheirs, on account of the price of the plantation ; that Wood-

ward be discharged from all liability, and the mortgage on EASTERN DIST.
his property be cancelled.   That Lesassier should refund *February*, 1837.
the sum already paid, in three annual instalments ; and that
on this being complied with, Woodward would abandon the
judgment obtained against the heirs, and pay another judg-
ment of six hundred dollars, recovered by Camp ; and finally,
that Woodward had, previously, by act, under private signa-
ture, dated January 27, 1835, sold and conveyed to Timoleon
Lesassier, the aforesaid plantation, with its appurtenances.
The heirs declare that they accept this proposition ; they re-
leased Woodward from all further responsibility, and he
renounces, abandons and releases the judgment.   The last
article of this contract declares, that, " between the persons
composing the party of the second part, it is well understood
by and between the said Timoleon Lesassier and René
Arnous, that the said Timoleon Lesassier, in purchasing the
said plantation from the party of the first part, he comes
under all the liabilities to pay the price thereof, in the same
manner said Woodward became subject to, at his purchase
thereof as aforesaid."

ARNOUS,<br>TUTOR, &c.<br>*vs.*<br>LESASSIER.

This suit is brought by one of the co-heirs, to recover of
Lesassier, her share of the original price of the tract of land,
as assumed to be paid by the latter, and to maintain her right
of mortgage and vendor's privilege.

The defendant, in his answer, alleges, that the private act
of the 27th January, 1835, so far as it relates to the interest
of the plaintiff, is null and void, unless the same shall be
ratified by her, on attaining the age of majority.   That the
succession sale could not be legally cancelled, and the pro-
perty be reinvested in the heirs without the authorization of
the judge upon the advice of a family meeting.   He further
avers, that the act did not constitute a sale to him, but was
intended to reinvest said property in the succession, and that
the subsequent authentic act was a nullity, inasmuch as the
property had already been reinvested in the succession, and
could not, legally, be sold to the respondent ; and that the
contract is not binding on the plaintiff's pupil.   He denies
that he has any title to the property, except as one of the

EASTERN DIST.,
*February*, 1837.

ARNOUS,
TUTOR, &c.
*vs.*
LESASSIER.

heirs.　Finally, he denies that he has received a good and valid title ; avers that he is in danger of eviction, and prays that he may be authorized to retain the price, until the plaintiff makes him a complete and perfect title, and secures him from all danger of eviction.

It is clear, that the defendant was not without capacity to purchase, and that Woodward, the owner under the former adjudication, was capable of selling.　As between them.the contract, under private signature, amounts to a sale, for a specific price, a part of which the vendee engages to pay to Woodward, and a part to the heirs.　One clause in the contract appears a little obscure ; and might be construed to mean, that, although in relation to Woodward, Lesassier was to be considered as the purchaser, and alone bound to refund the part of the price already paid ; yet, as between the heirs themselves, the contract should be regarded as a rescision of the succession sale, leaving the property as if no such sale had taken place.　And yet, Woodward does not sell to the heirs generally, nor do they come under any *obligation* to pay any part of the price, except by implication. If this contract stood alone, perhaps such would be its effect between the heirs themselves.　But the subsequent authentic act contains a clause, assented to by Lesassier, wholly inconsistent, it appears to us, with such a pretension.　It is expressly agreed, that Lesassier, in making this purchase, comes under all the liabilities to pay the price which Woodward was under, in virtue of the first sale ; that is to say, he engages to pay the balance due on the first purchase.

But it is contended, that these contracts are null and void, because the defendant's co-heirs were minors, and incapable of validly entering into such a contract, without the advice of a family meeting, and the authority of the judge.　We concur in the view taken by the district judge, of this part of the defence, that the defendant, who was capable of binding himself, cannot avail himself of the incapacity of the other contracting parties.　Such is the positive doctrine of the Code, often recognized by this court.　*Louisiana Code,* article 1785.　*6 Louisiana Reports,* 231.

Where the defendant was capable of contracting, he cannot avail himself when sued, of the *incapacity* of the other contracting parties, who were minors at the time, but seek to enforce the contract by their tutor.

In endeavoring to ascertain the amount due by Woodward to the heirs, at the time of his sale to the defendant, it must not be forgotten that he had already paid eighteen thousand five hundred and ninety-eight dollars, and he had a judgment for ten thousand six hundred dollars, which was a legal offset for that further amount, leaving a balance of five thousand nine hundred and twelve dollars, with interest, according to the original contract. That is the only amount which the heirs, collectively, could have recovered from Woodward ; and the plaintiff is entitled to one-third. The defendant is entitled to a credit for that amount, because, by the contract, he takes the place of Woodward; and as he gets but part of the land originally sold, it would be unjust that he should pay the whole price, without regard to the part, of which his vendor had been evicted. The District Court appears to have taken a different view of the rights of the parties, and to have adjudged to the plaintiff the whole amount of the balance supposed to be due her by the succession of her mother. But, it appears to us, she can recover in this action, only so much as the defendant owes on his purchase from Woodward, without regard to a general settlement between the co-heirs. According to a fair construction of the contracts, we consider, that twenty-nine thousand one hundred and ninety-eight dollars, of the original price, had been extinguished, either by payments, or by compensation, consequent on the eviction, and that Lesassier owes the heirs a balance of five thousand nine hundred and twelve dollars, with interest at ten per cent., from April 1st, 1833, secured by the vendor's privilege on the land ; and the plaintiff must recover one-third.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided, and reversed ; and proceeding to give such judgment as, in our opinion, ought to have been rendered below, it is further adjudged and decreed, that the plaintiff recover of the defendant one thousand nine hundred and seventy dollars and sixty-six cents, with interest at ten per cent., from

EASTERN DIST.
February, 1837.

ARNOUS,
TUTOR, &c.
vs.
LESASSIER.

Where one of several heirs takes a contract from another person, who had purchased the property from the succession, inherited by all the heirs, he will only be bound to pay to his co-heirs such sum as the original contracting party was bound for, after allowing full credit for all payments and offsets.

EASTERN DIST.
*February*, 1837.

the 1st of April, 1833, and the costs of the District Court, with the privilege of vendor on the tract of land described in the petition, and that the plaintiff and appellee pay the costs of this appeal.