INGRAHAM and WIFE *against* BALDWIN.

9    45
108  567

9    45
127  396

9    45
181 US 574

A tenant cannot controvert the title of one under whom he has occupied, and whose title he has recognized.

No presumption, from lapse of time, of the payment of a mortgage, can arise under our statutes within twenty years after the mortgage becomes due.

A mortgage executed by a lunatic is voidable only, not void; and no person except one claiming an interest under the mortgagor can set up his insanity as a defence against a title derived through the mortgage.

ACTION to recover possession of land.

On the 1st of July, 1818, Bateman Wells, who was then owner and in possession, executed a mortgage of the premises in question to Russell Wells, payable in one year from

its date. The mortgage was foreclosed by advertisement under the statute, by Leonard Wells, executor of the will of the mortgagee. The first publication of the notice of sale was made June 19, 1839; and the premises were sold in December following to Samuel A. Gilbert. After the purchase by Gilbert, the widow of the mortgagor was allowed to remain in possession of the premises until her death in 1842, when Gilbert took possession and rented the place to the defendant, who was son-in-law to the mortgagor, and who paid rent to Gilbert as his landlord. In 1847 Gilbert conveyed the premises to the plaintiff Sila, wife of the plaintiff William S. Ingraham. The defendant then attorned to the plaintiffs, and agreed to pay a certain rent for the lands; but in 1848, upon a demand of rent, he refused to pay rent any longer, on the ground that the place was as much his own as the plaintiffs'. In 1849 the plaintiffs brought this action.

Upon the trial before Mr. Justice WILLARD and a jury, the above facts having been shown on the part of the plaintiffs, a nonsuit was moved for and refused by the court, to which decision the defendant excepted. Other rulings to which exceptions were taken are sufficiently stated in the opinion of GARDINER, J.

Judgment was rendered for the plaintiffs, and affirmed at general term (12 *Barb.*, 9), from which the defendant has appealed.

*Platt Potter* for the appellant.

*John Wells* for the respondents.

GARDINER, J.    With the evidence which had been adduced by the plaintiffs when the motion for a nonsuit was made, the learned judge was correct in refusing the motion. Neither a demand of possession nor notice to quit was necessary, if the jury were satisfied that a tenancy, or

the relation of vendor and purchaser, existed between the plaintiffs or those under whom they claimed, and the defendant, and that the latter had repudiated that relation by setting up a claim in hostility to the title of his landlord or vendor. (*Taylor L. & T.*, 47, *and cases; 3 Wend.*, 339; *Adams Eq.*, 104; *2 Phil. Ev.*, 276, *2d ed.*)

In the second place, a recognition by the defendant, being in possession, of the title of the plaintiffs or of their grantor, in the manner above mentioned, would estop the former from insisting that his lessor or vendor had no legal title to the premises, unless he could show that the acknowledgment was produced by imposition, or made under misapprehension of his rights. (7 *Cowen*, 717; 7 *Wend.*, 401; *Cowen & Hill, Notes*, 201.) When the motion was made nothing of this kind had been proved or suggested.

The defendant subsequently proposed that it should be submitted to the jury, whether from lapse of time they would not presume payment of the mortgage prior to the period when it was attempted to be foreclosed. The judge refused to submit the question, and the defendant excepted. The mortgage had run less than twenty years, from the 1st of July, 1819, when it became due, to the date of the first publication of the notice of sale. The statute entitled " *Of the presumption of payment arising from lapse of time*" (2 *R. S.*, 301, § 48), provides that " after the expiration of twenty years from the time the right of action shall accrue, upon any sealed instrument for the payment of money, such right shall be presumed to have been extinguished by payment." The inevitable implication from the language of the statute is, that no such presumption shall arise from the mere lapse of time short of twenty years. The court was therefore correct in overruling the offer of the defendant.

The next exception taken was to the exclusion of testimony to prove the mortgagor a lunatic when the mortgage was executed. To the admission of this testimony there

were two objections: first, that when the offer was made there was, as we have seen, *primâ facie* evidence of a tenancy or *quasi* tenancy on the part of the defendant under Gilbert and the plaintiffs, which rendered testimony of the incapacity of the mortgagor entirely immaterial. It was no part of the offer to prove that the mortgagee, or Gilbert, who purchased at the foreclosure sale, knew, or suspected, that the mortgagor was incompetent. On the contrary, their good faith was assumed, and the *fact* of lunacy, without explanation or qualification, was put forward as a bar to the action, in opposition to the deliberate acknowledgment of the defendant, made, for aught that appears, with full knowledge of the defence thus insisted upon.

A second objection to the admission of this testimony was, that the lunacy of the mortgagor did not absolutely avoid the mortgage. It was at most voidable at the election of the lunatic or his personal representatives, or those claiming some interest under him in the premises. A lunatic is not absolutely disqualified from making a contract. The law will in certain cases even raise one by implication. (*Wentworth* v. *Tubb*, 20 *Eng. Ch. Rep.*, 174.) There is a strong analogy between a lunatic and an infant in relation to their power to contract. Either can oblige himself for necessaries, and the law provides for each a formal process by which to avoid their agreements. (17 *Wend.*, 134, *and cases; F. N. B.*, 202.)

Again, there was no privity between the defendant and the mortgagor shown, or proposed to be shown. The former, it is true, alleges in his answer to the complaint that he was tenant by the courtesy; but it did not appear that his wife, who was the daughter of the mortgagee, survived her father. A stranger would have no more right to insist upon the insanity of the mortgagor to avoid a security executed by him, than upon his infancy.

The judgment must be affirmed with costs.

Judges DENIO, JOHNSON, TAGGART, WILLARD and MASON concurred in the foregoing opinion.

MORSE, J., did not hear the argument.

RUGGLES, Ch. J., gave no opinion.

Judgment affirmed.