## SUPREME COURT.

THE PEOPLE, *ex rel.* OSBORNE STOVER agt. JOSEPH STINER and others.

Where a *tenant* acknowledges the landlord's right to the premises, and makes an agreement with him for a limited period, he cannot dispute his landlord's title, under an outstanding title held by himself for a longer period, of which the landlord had no notice.

Where the justice below has found the fact of hiring between landlord and tenant, and the evidence will warrant such finding, the court on *certiorari*, will not interfere to disturb such finding, although it may doubt its correctness.

*New York General Term, November*, 1865.

*Before* INGRAHAM, *P. J.*, LEONARD *and* BARNARD, *Justices*.

IN this case, the relator, claiming to be the holder of a lease of premises on Eighth avenue, in the city of New York, was sought to be removed from the occupation of them on the ground that his term had expired. The original owner, Hertzel, had leased the premises for five years from 1st May, 1860, which lease by assignment had passed to one Reynolds, who sub-leased the premises to Stover for two years from 1st May, 1864. Afterwards, Hertzel gave a lease to Stiner of the same premises, in February, 1865. He finding Stover in possession, claims to have made an agreement with him for the hiring of the premises from that date to the 1st May, next ensuing, and that Stover paid the rent to that time. The testimony of Stover contradicted this alleged hiring, and it became a question of fact to be decided by the court below, whether such hiring ever took place. Upon this question the justice decided in favor of the respondent. Judgment was rendered in favor of the respondents, and the relator now asks to have the proceedings reversed.

By the court, INGRAHAM, P. J.   The only question in the case is, whether Stover can take the benefit of the lease from Reynolds to him.   Such lease would have been valid, and would have entitled him to the property, if he had not by his contract with Stiner acknowledged his title as landlord, and made an agreement with him up to May, 1865. It does not appear that he ever made any claim under the two year lease, or gave any notice of its existence to Stiner, but as the justice has found the existence of an agreement for letting between Stover and Stiner, we are bound to consider that such a contract was made, and that Stover became the tenant of Stiner up to the 1st of May, 1865. Having thus acknowledged the landlord's right to the premises, and made an agreement with him as tenant for a limited period, he cannot dispute his landlord's title, under an outstanding title held by him, of which the landlord had no notice (9 *N. Y. R. p.* 45).   It may also be doubted whether the lease to Stover was of any validity as against Stiner.   This lease was given by one holding a lease for five years, which does not appear to have been recorded, and which would not be valid against any subsequent conveyance.   If the lease to Angevine became invalid as against Stover for want of being recorded, the sub-lease to Stover would be also of no validity.   Stiner was entitled to the possession of the premises whenever Stover's title ended, and he was the only person who could maintain these proceedings.   The case of *Griffin* agt. *Clark* (33 *Barb.* 45), is not in conflict with this ruling.   I may entertain doubt from the evidence as to the fact of the new hiring by Stover from Stiner.   The facts as stated might be construed as a mere attornment by Stover to Stiner under his lease, but as the justice has held otherwise, and the evidence of Stiner will warrant this finding, we cannot interfere on that ground.

The judgment should be affirmed.