Robertson, Oh. J.
The statement, in the complaint, of the mode in which the stock claimed by the plaintiff came into the hands of the defendants, with all its attendant circumstances, may be disregarded. The only question was the legal title to the possession of the stock, and that depended upon the payment of the debt for which it was pledged. It is admitted, in the case before us, that, in fact, it has not been paid; but it is claimed that a recovery for it being barred by the statute of limitations, the right of the defendants to hold such stock is gone. Such statute, however, is, in terms, a mere bar to an action. Seeking to enforce in personam a demand affects only the remedy, not the right, since the original demand remains to form the consideration of a new promise, which constitutes an admission of the continuance of the debt, or can be enforced in countries not having the same statute of limitations. (Ruggles v. Keeler, 3 John. 263.) They do not operate by presumption of payment only, but as positive bars, and, therefore, their effect cannot be extended by implication. ( Waltermire v. Westover, 14 N. Y. Rep. 16.) Thus a limitation of the time of bringing an action, on a judgment, does not restrict the time of issuing an execution on it during its existence as a lien. (Id.) A new promise is a waiver of it in case of contracts, by rebutting the presumption of payment involved in it, (Sluby v. Champlin, 4 John. 461,) although such rebuttal is not admissible in case of torts. (Oothout v. Thompson, 20 John. 277.) In equity, such statute was held not to interfere with the right of enforcing a lien on lands for a debt more than six years old. (Heyer v. Pruyn, 7 Paige, 465.) Even the statute creating, expressly, a presumption of payment of any debt, after the expiration of twenty years from the time it accrued, (2 R. S. 301, § 48,) was held not to be available in an action for specific performance of a contract to convey land, (Morey v. The Farmers’ Loan and Trust Co., 14 N. Y. Rep. 302,) or of ejectment against a defendant in possession under such a contract. (Lawrence v. Ball, Id. 477.)
There existed, at common law, a period whose lapse should *228 be presumptive evidence of the extinguishment of a stale money demand of any kind. (Miller v. Smith, 16 Wend. 425. Oswald v. Legh, 1 T. R. 270.) It, of course, could be overcome by proof, not only of circumstances excusing the lapse of time, (Newman v. Newman, 1 Stark, N. P. C. 101; Oswald v. Legh, ubi supra,) and in that way subjected to the same exceptions as the statute of limitations, but, also, of those repelling its effect as evidence of payment. (Jackson v. Sackett, 7 Wend. 94, and cases last cited, supra.) On the other hand, a much less period of time, with corroborating evidence of payment, was sufficient to establish it. (Jackson v. Pratt, 10 John. 381. Clark v. Hopkins, 7 id. 556. Bander v. Snyder, 5 Barb. 63.) The reason for adopting such period is not known, (Viner’s Abr. Length of Time, pl. 5, 6; Carpenter v. Tucker, 1 Ch. R. 78 ; Geoffry v. Thorn, Id. 88; 10 Car. II;) but the earliest reported case in which it was applied was one of law. (Shellitoe v. Horsefall, Clayt. 102, 8 Car. I.) But it has been since recognized in every court. (Oswald v. Legh, ubi supra.) And the statute of presumption, before mentioned, (2 R. S. 301, § 48,) may have heeu passed to fix the period, so as to prevent the lapse of any less time from becoming presumptive evidence of payment. (In-graham v. Baldwin, 9 N. Y. Rep. 45.)
Presumptions of payment have, it is true, been applied, by analogy, to statutes of limitation, but merely as evidence of it, particularly in courts of equity. (Kane v. Bloodgood, 7 John. Ch. 90. Souner v. DeMeyer, 2 Paige, 574. Moore v. Cable, 1 John. Ch. 385. Demarest v. Wynkoop, 3 id. 129, Slee v. Manhattan Co., 1 Paige, 48. Parker v. Ash, 1 Vern. 256. Deloraine v. Brown, 3 Bro. C. C. 646, per Lord Thurlow.) And such courts required the payment, of which such lapse of time was to be set up, in .the pleadings. (Livingston v. Livingston, 4 John. Ch. 289.)
There may be no good reason why the time adopted by statutes of limitation to prevent actions, after them' being brought, being adopted in other actions and proceedings besides those at law against the person, subject to being repelled as pre *229 sumptive evidence only by other facts. (Jaclcson v. Sackett, 7 Wend. 94.) The doctrine laid down in the case last cited was impugned by Chancellor Walworth, in Heyer v. Pruyn, (ubi supra,) but upon the ground that, as he understood it, it held the lapse of time to be a presumption in law, and not merely evidence, whereas the court distinctly repudiated the former doctrine.
Such statute of limitations, as that now set up, is, therefore, in this case, mere presumptive evidence of payment, and as the case admits that the debt has not, in fact, been paid, the plaintiff cannot recover; although he might possibly have an action to redeem for ten years after the debt became due. (Roberts v. Sykes, 30 Barb. 173. Code of Procedure, § 97.)
The judgment should be affirmed, with costs.