AUGUSTINE W. DABY, Respondent, *v.* JOHN ERICSSON, Appellant.

In an action upon a chose in action or demand belonging to a partnership, the surviving partner is the real party in interest, although, under an arrangement between the partners, the representatives of a deceased partner are entitled to the proceeds thereof. The test is, was it partnership property at the death of the deceased partner. If so, the debtor cannot insist that such representatives be made parties.

The right of assignment is incident to the legal title, and the debtor may not question the consideration therefor.

Declarations or admissions of the surviving partner, relating to his construction of the partnership arrangement, to the effect that he claimed no pecuniary interest in a judgment recovered by his firm, and that the representatives of a deceased partner were entitled to it, do not show want of title in such survivor.

When there is evidence tending to show the place of residence and death of one partner, proof of the death at the same place of a person bearing the same name, establishes, *prima facie*, the title of the other partner as survivor.

Mere lapse of time, less than twenty years from the rendition of a judgment, does not raise a presumption of payment.

Evidence of the pecuniary ability of the defendant, for many years after the recovery of a judgment against him, does not tend to show payment, and is immaterial.

(Argued June 12th; decided June 22d, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the first district, affirming a judgment entered upon a verdict for the plaintiff for $5,372.13, rendered by direction of the court.

The action was brought upon a judgment recovered, December 8th, 1846, against the defendant, for $3,013.11, by Charles Dimmock, William A. Spark, and Francis B. Dean, Jr., in

the Superior Court of the city of New York, upon which, it was admitted, the sum of $1,000 was paid November 13th, 1847. It was commenced August 9th, 1866.

The plaintiff claimed title under an assignment executed by Dean, as survivor of Dimmock and Spark. On the trial, Dean was examined by commission as a witness for the defendant, and in answer to the fourth interrogatory, as to "where, when, and how, if ever," he conveyed the judgment in suit to the plaintiff, he testified that the counsel for Mrs. Charles Dimmock applied to him to make such transfer ; and added : "I declined to do so without the request of Mrs. Dimmock, saying that, although I had no pecuniary interest in the judgment, yet, that I would not transfer it without the permission of Mrs. Dimmock, knowing that she was entitled to it as the representative of her husband, Charles Dimmock [he being dead, and Spark also, who was the other partner in the concern of Dimmock, Spark & Dean. I had no interest in the judgment, because, by the agreement between us, I had an interest only in the profits, and not in the property of the concern]." He further testified, that subsequently, on the application of Mrs. Dimmock, he executed the assignment to the plaintiff, receiving no consideration therefor.

The defendant objected to the words inclosed in brackets above, but the objection was overruled, and that part of the answer was read in evidence by the plaintiff's counsel.

The other facts, so far as material to the law of the case, appear from the opinion of the court.

*E. Sprout,* for the appellant, on the question of survivorship, cited Bac. Abr. "Joint. Ten.". I., 1 ; Com. Dig. "Estate" K., 8 ; Chitt. Gen. Pr., 102 ; Story on Part., §§ 89, 90 ; *Blood* v. *Goodrich* (9 Wend., 76) ; *Tyler* v. *Taylor* (8 Barb., 585) ; *Miller* v. *Smith's Exs.* (16 Wend., 441) ; *Hudson* v. *McKenzie* (1 E. D. Smith, 358) ; *Gock* v. *Keneda* (29 Barb., 120) ; *Coolidge* v. *Ruggles* (15 Mass., 388) ; *Greenby* v. *Wilcox* (2 John., 4) ; *Zabriskie* v. *Smith* (3 Kern., 337.) As to proof of death, he cited Greenl. Evi., vol. 2, § 278, d ; Hub-

back on Succession, pp. 103, 464, 465, 466. That payment is presumed from lapse of time. (*Miller* v. *Smith's Exs.*, *supra; Jackson* v. *Pratt*, 10 John., 382; *Exrs. of Clark* v. *Hopkins*, 7 John., 556; *Rex* v. *Stephens*, 1 Burr., 434; *Lesley's* v. *Noyes*, 7 Serg. & R., 410; *Jackson* v. *Sackett*, 7 Wend., 100; *Blanchard* v. *Noyes*, 3 N. H., 518; *Blackett* v. *Wall*, 3 Man. & Ryl., 119; *Austin* v. *Tompkins*, 3 Sandf., 25.) As to the declarations or admissions of Dean, that he had no interest, he cited Cow. & Hill's Notes to Ph. Evi., 4th ed., vol. 1, pp. 527, 530, 531, 318. That the plaintiff was not the real party in interest. (*Cummings* v. *Morris*, 3 Bosw., 560; *Kilman* v. *Culver*, 24 Barb., 656; *Hastings* v. *McKinley*, 1 E. D. Smith, 273; *Selden* v. *Pringle*, 17 Barb., 468; *Lenonde* v. *Dunham*, 1 Hilt., 114; 2 Story Eq., § 1047; *Clark* v. *Mauran*, 3 Paige, 373.)

*W. F. Shepard*, for the respondent, insisted, among other things, that there was no presumption of payment on the facts in this case. (*Ingraham* v. *Baldwin*, 9 N. Y., 45; *Miller* v. *Smith*, 16 Wend., 425; *Waddels Adr.* v. *Elmendorf's Adr.*, 10 N. Y., 170.) That the plaintiff was the real party in interest. (*Peterson* v. *Commercial Bk.*, 32 N. Y., 21; *Myers* v. *Machad*, 6 Abb., 198; *Consident* v. *Brisbane*, 22 N. Y., 389.)

ANDREWS, J. The exception to the admission of the part of the answer of the witness, Dean, to the fourth direct interrogatory, was not well taken, for two reasons; first, the evidence was material, and the objection was general and did not indicate the ground which is now taken, viz., that the answer was not responsive; and, *second*, the portion of the answer objected to was explanatory of a prior statement, made in the same answer by the witness, that he had no pecuniary interest in the judgment, and that Mrs. Dimmock was entitled to it as the representative of her husband.

This part of the answer was subject to the same objection now made to the part objected to, and the defendant could not read the one part and reject the other.

This testimony tended to establish two facts; *first*, the death of Spark and Dimmock, the co-obligees of Dean in the judgment against the defendant, before the assignment by Dean to the plaintiff, and, *second*, that the consideration of the judgment was a copartnership demand of the firm of Dimmock, Spark & Dean, the plaintiffs therein.

In addition to this proof of the death of Spark, the will of a person of the same name, made at New Orleans in 1847, and admitted to probate in the County Court of Southampton county, Virginia, in 1848, disposing of real and personal estate in that county, was produced and proved on the trial.

The death of a Charles Dimmock at Richmond, in 1863, was shown, and it appeared from evidence offered by the defendant, that a payment made on the judgment, in 1847, was sent to Charles Dimmock at that place.

The answer avers that the plaintiffs in the judgment were residents of the State of Virginia at the time it was recovered.

The evidence in the case was sufficient to establish *prima facie* that the demand on which the judgment was recovered was a copartnership demand, and that Dean, at the time of his assignment to the plaintiff, was survivor of the firm.

Upon these facts, the right of Dean, as survivor, to assign the judgment was undoubted.

Upon the death of one partner, the demands and choses-in-action of the copartnership belong to the surviving partners, and they possess the sole and exclusive right to reduce them to possession, and when recovered they stand as trustees for the representatives of the deceased partner to the extent of his interest.

The law not only vests the legal title to the choses-in-action in the surviving partner, but it casts upon him the duty to get in the debts and settle the affairs of the partnership. The *jus accrescendi* exists for this purpose. (Story on Part., 346 ; *Murray* v. *Mumford*, 6 Cow., 441 ; *Peters* v. *Davis*, 7 Mass., 257 ; *Jarvis* v. *Hyer*, 4 Dev., 367.)

The right to assign is incident to the possession of the legal title, and a defendant in an action by the assignee cannot

question the consideration upon which it was made. (Story on Part., § 115; *Peterson* v. *The Chemical Bank,* 32 N. Y., 21.) The Code has not changed the rule upon this subject.

The survivor of a firm is the real party in interest to a demand owned by or due to the firm. The debtor cannot, when sued by the survivor, object that the representatives of the deceased partner are not made parties with the survivor. Their equity is to have an accounting and adjustment of the affairs of the partnership, and they have no specific interest in the debt sued upon, but in a residuum, which is uncertain and contingent.

It is not material, upon the question of the capacity of the surviving partner to maintain an action for the partnership demand, that the beneficial interest in the claim was by the arrangement between the copartners in the deceased, or that upon an accounting his representatives would be entitled to the proceeds.

The test is, was the demand at the time of the death of the copartner a copartnership demand? If it was, the survivor takes the legal title with its incidents, however limited his equitable interest may be, and notwithstanding on an accounting nothing might remain to him. (*Clark* v. *Howe,* 23 Me., 560.)

The defendant in this case sought to maintain the claim that Dean, the surviving partner, had no interest in the judgment and could not assign it to the plaintiff, upon proof that by the copartnership agreement between Dimmock, Spark & Dean, the latter had an interest in the profits, and not in the property of the concern.

But the debt against the defendant was treated by the firm as a partnership demand, and judgment was recovered upon it as such.

Dean was liable for the debts of the firm, and had an interest in having them paid out of the assets, and the profit to which he was entitled could only be ascertained after the collection and application of the firm property.

The testimony and declarations of Dean, as to his interest in the judgment, had relation to his construction of the copartnership agreement, and did not tend to establish a want of legal title in him at the time of his assignment to the plaintiff.

The mere lapse of time between the rendition of the judgment and the commencement of the suit upon it, raised no presumption that it had been paid. (*Ingraham* v. *Baldwin,* 9 N. Y., 45 ; *Miller* v. *Smith's Exs.,* 16 Wend., 425.)

The offer to show the pecuniary ability of the defendant, and that, since 1849, he had been possessed of a large property, did not tend, we think, to establish the plea of payment, and was properly overruled.

If payment had been enforced by legal process, it could have been established by record evidence.

The plaintiffs in the judgment resided in another State.

If the judgment had been paid, some evidence of the fact, it may reasonably be supposed, would have been retained by the defendant, or the judgment would have been satisfied.

The case of *Miller* v. *Smith, supra,* to which we have been referred, is quite different in its circumstances from this, and is not an authority for the admission of the evidence offered.

There are no other questions in the case which we deem it important to notice, and as no error appears to have been committed on the trial, the judgment should be affirmed with costs.

All concur except ALLEN, J., not voting.

Judgment affirmed.