MARY E. ALEXANDER, EXECUTRIX OF, ETC., OF ANDREW ALEXANDER, DECEASED, RESPONDENT, v. PHILIP DUTCHER, JR., PETER W. HOUSE, JEROME B. DUTCHER AND CHARLES· DUTCHER, APPELLANTS.

*Evidence* — *Pecuniary ability of indorser, pecuniary distress of holder, not admissible as tending to prove payment of a note* — *Laws of* 1832, *chap.* 276, § 8 — *Code,* § 399.

In an action on a note, payable in 1868, brought in 1874 after the holder's death, evidence that the holder of the note was pressed for money, and that the indorser of it lived near him until the holder's death in 1873, and such indorser was responsible, held not admissible on the ground that pecuniary ability does not tend to prove payment.

The act of 1832, chapter 276, allowing the maker to be sworn for the indorser, is subject to the restrictions contained in section 399 of the Code.

*Genet* v. *Lawyer* (61 Barb., 211) followed. ·

APPEALS from a judgment in favor of the plaintiff, in an action brought against the makers and indorsers of a promissory note.

*E. F. Bullard*, for the appellant Philip Dutcher, Jr.

*Geo. Day*, for the other appellants.

*Esek Cowen*, for the respondent.

LEARNED, P. J.:

This was an action by the executrix of Andrew Alexander against the maker, Philip Dutcher, and the several indorsers, House, Jerome B. Dutcher and Charles Dutcher, of a promissory note. Philip Dutcher answered separately. The other defendants put in a joint and several answer. On the trial House was sworn as a witness and, on behalf of Philip Dutcher, the maker, only, he was asked: Were you in the habit of borrowing money from Andrew Alexander from time to time? The plaintiff objected, that this was a transaction between the witness and a deceased person, and the testimony was excluded.

Philip Dutcher was then sworn and, on behalf of the indorser, the offer was made to prove by him the usury set up in their answer. This was excluded on the same ground.

The appellants claim that the provisions of the act of 1832 are not restricted by section 399 of the Code. The question has been decided otherwise in *Genet v. Lawyer* (61 Barb., 211), and we ought to follow that decision.

It appeared on the trial that the note in suit became payable August 17, 1868; that the suit was commenced in February, 1874; that the defendant House was responsible and lived near Alexander; that Alexander was pressed for money, and that he lived until June, 1873. From these facts the defendants asked to go to the jury on the question of payment of the note, but the court refused and directed a verdict for the plaintiff.

But no presumption from lapse of time of the payment of a mortgage arises within twenty years after the mortgage becomes payable. (*Ingraham v. Baldwin*, 9 N. Y., 45.) Nor does the pecuniary ability of the defendant tend to prove payment. (*Daby v. Ericsson*, 45 N. Y., 786.)

The judge properly directed a verdict and the judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.