# SUPREME COURT OF PENNSYLVANIA.

### APPEAL OF AGNES NIXON, ADMINISTRATRIX.

1. The payment by the Odd Fellows' Society of $150,000 as "funeral benefits" is to be applied to the funeral expenses of a deceased member; and his widow and administratrix receiving such sum is not entitled to credit in her account for $93.00, amount of funeral expenses.

2. Neglect to include property in appraisement is a waiver of widow's claim as to property omitted, and it is too late to make the claim out of proceeds of real estate. Referring to Hoffman's Appeal, 31 P. F. S. 329.

Appeal from decree of Orphans' Court of Allegheny county.

1. After the death of William Nixon, the Odd Fellows' Society paid his widow, Agnes Nixon, who was also administratrix, one hundred and fifty dollars, under the following sections of the rules of the lodge:

"Sec. 119. The great object of a funeral benefit in the order is to extend immediate aid to the family of a deceased brother, at a time and under circumstances which, more than at any other time or condition of things, requires support and sympathy. The right of property to the funeral benefits is in the family of the deceased, and not in the brother. It does not begin to exist until after his death, and therefore no disposition of such benefit can be made by him in his lifetime.

"Sec. 120. The funeral benefits must be appropriated to the payment of the funeral expenses of a deceased brother. If a lodge is satisfied that the money will not be thus appropriated, it may direct the payment of the funeral expenses out of the funeral benefits."

The administratrix did not charge herself with the amount received, above stated, but she took credit for funeral expenses paid out of the same, amounting to ninety-three dollars. To this an exception was filed.

2. The personal estate of the decedent was appraised at seventy-five dollars, and set apart to the widow by order of court. At the foot of this appraisement the following appears:

"I, Agnes Nixon, widow of William Nixon, deceased, do hereby elect to take the within goods as appraised, as well also the balance of thereof of three hundred dollars allowed me by law, and out of any other estate of my deceased husband.                    AGNES NIXON."

The real estate of decedent, which consisted of a single lot, was not valued by the appraisers, nor were they asked to make a valuation of it. This real estate was subsequently sold for five hundred dollars. The administratrix has charged herself with the appraised value of the personal estate, and with the proceeds of the sale of the real estate, and claims credit, *inter alia*, for widow's exemption, three hundred dollars, seventy-five dollars thereof being the personal estate appraised and set apart to her, and the balance (two hundred and twenty five dollars) out of the proceeds of the sale of the realty. To this credit exception was also taken.

The court below surcharged the accountant with the amount of the credit for funeral expenses, ninety-three dollars, and so much of widow's exemption as was paid out of the proceeds of the sale of the realty, namely, two hundred and twenty-five dollars, and filed the following opinion:

HAWKINS, P. J.—1. The effect of the appropriation of "funeral benefits" made by the Odd Fellows' Society, in this case, was to relieve the estate from the payment of the funeral expenses of deceased. This is the plain reading of the laws of that order. The object of the one hundred and nineteenth section was simply to exclude any claim of ownership in the "benefits" in the lifetime of the brother as property. There is nothing in the laws in evidence to show that reimbursement was intended. It was clearly a donation, and extinguished the claim as against the estate. The accountant is not, therefore, entitled to credit therefor.

2· The widow is not entitled to receive three hundred dollars out of the proceeds of the sale of her deceased husband's real estate on distribution, without a previous ap-

praisement, as provided by the Act of April, 1849: Purd. Dig. 460, pl. 70; Hoffman's Appeal, 31 Pa. St. Rep. 329.

The appraisement in the present case relates entirely to the personal estate of decedent. No mention is made by the appraisers of the real estate, and the action of the court must be presumed to have had reference to what appeared to have been done by them in the premises. The election which appears endorsed on the appraisement may have been, and probably was, written after the paper passed out of their hands. But whether it was or not, it is too indefinite in terms to be a guide to the appraisers. It does not indicate what specific property she wished.

Agnes Nixon appealed, and the Supreme Court filed the following opinion and decree:

PER CURIAM.—We do not perceive any error in this record. The payment of the funeral expenses of the deceased by the Odd Fellows' Society extinguished the debt, and consequently left nothing for the administratrix to pay on that account. The appellant did not qualify herself to demand the remainder of the three hundred dollar provision for the widow of a decedent in money out of the sale of the real estate. This is the result of the authorities: Hoffman's Appeal, 31 P. F. Smith, 329.

Decree affirmed, with costs, to be paid by appellant, and the appeal is dismissed.—*Pittsburg Legal Journal.*

---

PROMISSORY NOTE—TRANSFER OF—COLLATERALS FOLLOW—HOW REDEEMED—LIMITATION OF ACTION—Where the holder of a promissory note transfers it to a third party it carries with it all collateral securities for its payment. Where the maker of a promissory note wishes to regain possession and unincumbered ownership of a chattel pledged for the payment of such note, he should tender payment in full to the holder of the same for the amount due thereon. Even when an action on the note is barred by the statute of limitation, the owner of the securities is not entitled to them without such payment or tender. Jones vs. Merchants' Bank. 4 Rob. 221; Jarvis vs. Rogers, 15 Mass. 389. Texas Court of Appeals, March, 1879. *Davis vs. Wrigley.*