PATRICK H. MCWILLIAMS, GUARDIAN FOR MICHAEL DORAN, v. SALINE ROY DORAN.

*Incompetent persons—Contracts—Estoppel—Fraud.*

1. A contract for the purchase of land, made by a mentally incompetent person, is not necessarily void. If found to be for his interest, a court of equity will protect him in the premises, and it will not lie with those from whom he made the purchase to dispute his mental capacity.

2. If the parties from whom the purchase was made were not apprised of the purchaser's mental incapacity, and the exist-

ing facts were not such as to render the contract of purchase void, it by no means follows as a matter of course that he can avoid said contract.

3. It was said by Mr. Justice CHAMPLIN, speaking for a majority of the Court, in *Gates v. Cornett*, 72 Mich. 435, that distinctions have been recognized between cases of insanity and mere weakness of intellect or imbecility; that contracts made with insane persons have pretty generally been held void, and those made with persons of weak intellect, or with imbeciles, voidable merely; that the latter class of contracts can be enforced or repudiated in a court of equity upon equitable grounds; that where such contracts have been executed by the competent party, and are executory upon the part of the imbecile, they can only be set aside at his instance by his doing equity.

4. A widower, aged 65 years, and of weak mental capacity, was induced by a widow to take up his residence with her, and persuaded to sell a parcel of land owned by him, with a view of investing the proceeds in a larger parcel lying near her residence. The widow contracted for the purchase of said land, and paid $500 on the contract. It was then agreed between him and the widow that the deed should be taken in their joint names, and that they should mortgage the land to secure a loan with which to pay the remainder of the purchase price not paid from the money received for the widower's land and $100 agreed to be contributed by the widow. The widower gave the remainder of the money received for his land to the widow, and she paid the balance due on the contract, took the deed in her own name, and executed the mortgage to secure the loan. And it is held that when the widower made the contract to purchase the land, and paid $500 upon it, he was vested with an interest in the land, and the widow could not, by fraudulently appropriating the money intrusted to her, by making a payment upon the contract, and taking the title in her own name, divest him of his interest in the property; and that the case is a proper one for equitable relief.

Appeal from Oakland. (Moore, J.) Submitted on briefs October 24, 1894. Decided January 22, 1895.

Bill to compel defendant to convey a half interest in certain lands to complainant. Defendant appeals from order overruling demurrer. Affirmed. The facts are stated in the opinion.

*Edward S. Grece* (*James L. Pettibone*, of counsel), for ·complainant.

*Walter Barlow*, for defendant.

MONTGOMERY, J. This is an appeal from an order of the circuit court in chancery, overruling a demurrer to the bill of complaint.

The bill alleges that Michael Doran is a man 65 years ·of age, and has been for many years a man of weak mental capacity; that his mind has been in that condition to be easily wrought upon, and easily persuaded by others to ·do the bidding of others without regard for his own interests, he being a person who, without consideration or adequate reason, could be and has been easily induced by ·others to part with his property; that the said Michael Doran has been so weak in mental faculties as not to be responsible for his acts, and, as the orator believes, has not, during the period mentioned, been of sufficient mental capacity to transact business affairs. The bill further alleges that he was the owner of 20 acres of land in the ·county of Wayne, and that defendant, who was a widow, living upon a farm in Oakland county, induced him to take up his residence with her, and by various arts, particularly set out in the bill, persuaded him to sell his 20 acres of land in Wayne county, with a view of investing the proceeds in a parcel of 50 acres of land near to defendant's residence; that he did sell his land in Wayne county for $1,700; that he then himself negotiated a purchase, and made a contract with the owners of the 50-acre parcel to purchase the 50 acres for the price of $3,500, and paid $500 on the contract; that it was then agreed between himself and defendant that defendant should contribute $100, that a joint deed should be taken in the names of the two, and a mortgage given to third parties to secure a loan of $1,700 upon the land; that

when the time came for making payment upon the contract and executing the mortgage, Mr. Doran had intended to go to Pontiac to attend to the business, in company with defendant, but that defendant refused to allow him to accompany her, took the money, paid up the contract, and took a deed in her own name, executing the mortgage in her own name to the lenders in the sum of $1,700. The bill further alleges that the parties were subsequently married, but that defendant has refused to execute a deed of the one-half interest to Doran; and this bill is filed, asking that defendant be compelled to execute a deed of the one-half interest to complainant's ward, and for such other relief as may be agreeable to equity. Upon the filing of the bill, an injunction issued, restraining defendant from disposing of the property.

Numerous reasons are assigned why the bill is said to be demurrable. It is alleged that complainant has an adequate remedy at law to recover from defendant the money intrusted to her. We think the case is one which does not require elaborate discussion. It is very clear that when Michael Doran made the contract to purchase the land, and paid $500 upon it, he was vested with an interest in the land, and the defendant could not, by fraudulently appropriating the moneys intrusted to her, by making a payment upon the land, and taking the title in her own name, divest him of his interest in this property.

But it is said that the bill alleges that Michael Doran was mentally incompetent to make a contract, and, therefore, that his contract to purchase the land was void. This is not necessarily so. Certainly, if the contract of purchase should be found to be for his interest, a court of equity would protect him. It would not lie with those of whom he made the purchase to dispute his mental capacity, and it is very evident that the point is not now

raised by defendant through any solicitude for the best interests of Mr. Doran.

In *Gates v. Cornett*, 72 Mich., at page 435, a distinction was made which evidently has escaped the attention of counsel. Mr. Justice CHAMPLIN, speaking for a majority of the Court, said:

"Distinctions have been recognized between cases of insanity and mere weakness of intellect or imbecility. Contracts made with insane persons have pretty generally been held void, and the latter voidable merely. Gates' case falls within the last category. His contracts were not absolutely void. To so hold would be to unsettle titles, and overthrow a long series of business transactions in which complainant was engaged during eight years, without securing any benefit to Gates, and to the detriment of a great many persons who dealt with him in the utmost good faith, and without cheating him. Belonging, as his contracts do, to that class which are termed 'voidable,' they can be enforced or repudiated in a court of equity upon equitable grounds. Where the contracts have been executed by one party, and are executory upon the part of the imbecile, they can only be set aside at his instance by his doing equity. The maxim applies here, that he who asks equity must do equity."

It is not averred in the bill that the parties with whom Doran contracted for the purchase of the land were apprised of his mental incapacity, or that the facts existed which would render void the contract of purchase. This being so, it by no means follows as a matter of course that he could have avoided his contract with the vendors. Much less does it lie with defendant to assert the nullity of the contract as a shield of defense against her own fraud. The case made by the bill is a meritorious one.

The order of the court will be affirmed, with costs, and the cause remanded.

The other Justices concurred.