## WILLIAM J. ATWELL *vs.* EDWARD J. JENKINS.

Suffolk.    January 24, 1895. — April 2, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Contract* — *Privity* — *Action* — *Insanity of one Party* — *Right of other Party to avoid Contract.*

A., an inhabitant of another State, committed an offence here, and was arrested. He retained B., an attorney at law, and telegraphed to C. as follows : " Telegraph at once four hundred dollars to B., my attorney. . . . Am in trouble. Don't fail." C. thereupon sent the money to B., who then recognized as surety for A., and obtained his release from arrest. Afterwards a *nolle prosequi* was entered by reason of A.'s insanity. *Held,* that there was no contract between C. and B. upon which to found an action for the recovery of the money.

The insanity of one contracting party does not give to the other the right to avoid the contract.

HOLMES, J.   This is an action to recover four hundred dollars, put into the defendant's hands by the plaintiff through the Western Union Telegraph Company, under the following circumstances.   One Hoes, an inhabitant of Chicago, committed an offence here and was arrested.   It seems to have been for his interest to keep the matter private.   He retained the defendant, who, on receipt of the above mentioned money, recognized as surety for him and obtained his release from arrest.   Afterwards a *nolle prosequi* was entered by reason of the insanity of Hoes.   When arrested, Hoes telegraphed to the plaintiff, " Telegraph at once four hundred dollars to Hon. Edward J. Jenkins, my attorney. . . . Am in trouble.   Don't fail."   The plaintiff thereupon sent the money.

It hardly needs to be said that this transaction made no contract between the plaintiff and the defendant.   The plaintiff's advance was to Hoes.   When the money was received by Jenkins, it was received by Hoes as between them and the plaintiff, and if the defendant kept it, that was by some arrangement between him and Hoes with which the plaintiff had nothing to do.

But there was evidence that Hoes was insane at the time, and the plaintiff claims a right to recover on that ground.   This

must mean that he had a right to avoid his contract on the ground of the other party's insanity, and to demand his money wherever he could find it, unless the defendant, to whose hands it was traced, stood as a purchaser for value, or had changed his position, which fact the plaintiff had a right to deny, and did controvert in this case, except as to fifty or sixty dollars. We presume that the argument is, that if Hoes had become sane and had affirmed his dealings with the defendant, the plaintiff still would have had the right to prove that the defendant had no contract with Hoes, and was not a purchaser for value, and that, on the other hand, if Hoes had avoided his contract, his right to the money would be subject to the plaintiff's paramount right to the same fund, always supposing that the plaintiff had the right to avoid his contract also. *Buller* v. *Harrison,* Cowp. 565, 568. *Cox* v. *Prentice,* 3 M. & S. 344.

But the question is whether the plaintiff had the right supposed. In *Holt* v. *Ward Clarencieux,* Strange, 937, it was held, on great consideration, that a person of full age contracting with an infant was bound absolutely, although the infant had a right to avoid her contract. The decision was on demurrer to a plea of the plaintiff's infancy, not alleging that the defendant was ignorant of the fact when he made the contract, but seems to have been made without regard to whether the defendant knew or not. This case is accepted without dispute as the law. *Thompson* v. *Hamilton,* 12 Pick. 425, 429. *Warwick* v. *Bruce,* 2 M. & S. 205. *Bruce* v. *Warwick,* 6 Taunt. 118. *Monaghan* v. *Agricultural Ins. Co.* 53 Mich. 238, 243. *Hunt* v. *Peake,* 5 Cowen, 475. *Cannon* v. *Alsbury,* 1 A. K. Marsh. 76. *Johnson* v. *Rockwell,* 12 Ind. 76, 81. *Field* v. *Herrick,* 101 Ill. 110. 2 Kent, Com. 78, 236. Leake, Con. (3d ed.) 476. The analogy between insane persons and infants is not perfect, but has prevailed in this matter. *Allen* v. *Berryhill,* 27 Iowa, 534. *Harmon* v. *Harmon,* 51 Fed. Rep. 113. Bish. Con. § 973. Clark, Con. 268. An insane person like Hoes, if he was insane, not a raving madman or an idiot, is capable of an act, even if his act be voidable. The promise of an insane man is not absolutely void. *Carrier* v. *Sears,* 4 Allen, 336, 337. *Bullard* v. *Moor,* 158 Mass. 418, 424. So that it cannot be argued that the contract was formally defective and void be-

cause only one party had done the necessary overt act. A voidable promise is a sufficient consideration. *Plympton* v. *Dunn*, 148 Mass. 523, 527. If a person unwittingly dealing with an insane man were given the right to avoid his contract when he found out the fact, it would be on grounds of policy and fairness, and of course it would be possible to read in a condition or personal exception to that effect. But there seems to be no more reason to do it in this case than when a man has contracted with an infant. The general rule is that a man takes the risk of facts which he deems material, unless he expressly stipulates for them in his contract, or unless he is misled by a fraudulent misrepresentation. See *Ring* v. *Phœnix Assurance Co.* 145 Mass. 426, 429. The right to avoid is for the personal protection of the insane, and those who deal with them have been held to have no corresponding rights in all the cases which we have seen. Upon these considerations, and in view of the decisions cited, we are of opinion that the plaintiff cannot repudiate his contract with Hoes. So long as that contract stands, at least, he cannot maintain an action against the defendant. Other defences need not be considered. We express no opinion as to the law in case of a bilateral contract wholly unexecuted on both sides.                    *Exceptions overruled.*

*C. W. Clark*, for the plaintiff.

*P. J. Casey*, for the defendant.