mated together, would be in excess of the plaintiff's, only seeks to be allowed so much as will equal the plaintiff's claim. See Code Civ. Proc. § 502, subd. 1; also, see section 501. All the counterclaims appear on the face thereof as having existed at the time of the commencement of the action. The defendant can only recover, however, a counterclaim which is due at the time of the making of the assignment, and this is a matter of proof at the trial.

The order is therefore affirmed, with costs.

---

(12 Misc. Rep. 199.)

### WARMSLEY v. DARRAGH.

(City Court of New York, General Term. April 16, 1895.)

INSANITY—EFFECT ON COURT—WHO MAY QUESTION.

In an action against the maker of a note transferred to plaintiff by a person acting under a power of attorney executed by the payee, it is no defense that the payee was a lunatic when he executed the power, if there has been no adjudication of lunacy, as the incapacity of a lunatic before office found is available only to himself or those in privity with him.

Appeal from trial term.

Action by William E. Warmsley against Thomas A. Darragh on a promissory note. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and McCARTHY, J.

Brooks, O'Sullivan & Brooks, for appellant.
Nichols & Bacon, for respondent.

McCARTHY, J. The making and delivery of the note in question by the defendant, as well as the indorsement thereon, in the manner claimed, by plaintiff, being admitted, the question to consider is, can the defendant in this action attack the power of attorney from Robert L. Darragh to Laura A. Darragh and Edgar L. Whitlock, under which the note in question was indorsed and assigned? The defendant says that it was made by Robert L. Darragh, and secured, while he was of unsound mind and mentally incompetent, or, in other words, while he was a lunatic, and therefore such paper is null and void, and thus Laura A. Darragh could not act under such void power of attorney. It is not contended that there was an adjudication of Robert L. Darragh as a lunatic at the time of his death, but that proceedings were commenced and pending only. The fact that such proceedings had been commenced and were pending at the time of his death would not and did not render him incapable of either making and executing a power of attorney, or any other deed, transfer, or other instrument, and until a committee of the person and estate of the lunatic had been appointed, and an inquisition and office found, the acts of the alleged lunatic are voidable, and not void. Since none of these conditions have taken place in the case at bar, the acts of Robert L. Darragh, the alleged lunatic, were clearly voidable only. A deed executed by a lunatic before office found is not void, but voidable

only, and therefore one not in privity with the lunatic cannot allege or prove the lunacy as matter of defense. Merritt v. Gumaer, 2 Cow. 552; Stuckey v. Mathes, 24 Hun, 461; and see particularly Ingraham v. Baldwin, 9 N. Y. 45, 47, 48. If Darragh had been formally adjudicated a lunatic, and a committee of his person and estate had been appointed, the power of attorney signed by him might have been absolutely void, and therefore any assignment or transfer under that power after such adjudication might be defeated by the defendant on that ground; but that is not this case. See Wagner v. Harriott, 10 N. Y. St. Rep. 709, 711. The incapacity of a lunatic before office found is like that of an infant. Either may avoid his contract, but the privilege is personal, and no stranger can avail himself of it. An infant, by indorsement, can transfer a promissory note, and he may join in an assignment for the benefit of creditors, and no one but the infant or his legal representatives can question the legality of the transfers, which will hold good until legally avoided; and the rights of the parties who have in the meantime been compelled to pay are protected by such transfers. Yates v. Lyon, 61 N. Y. 344; Ingraham v. Baldwin, supra; Tilyou v. Reynolds, 108 N. Y. 558, 567, 15 N. E. 534. It therefore follows that, since the defendant is not permitted to attack the power of attorney, the assignment and transfer made thereunder by Laura A. Darragh are valid and binding, unless there is some provision in the power of attorney requiring that as to the matters involved herein it must be the joint act of Laura A. Darragh and Edgar Whitlock. It provides that as to certain acts they must be done jointly, but as to others they may be done singly; and from our examination we are satisfied that Laura A. Darragh had the right to act singly in the case at bar. The judgment should therefore be affirmed, with costs.