## PALMER v. LITITZ MUT. INS. CO.

Civ. No. 1435.

United States District Court
W. D. South Carolina, Greenwood Division.
Aug. 27, 1953.

Buzhardt & Buzhardt, McCormick, S. C., for plaintiff.

Grier, McDonald, Todd & Burns, Greenwood, S. C., for defendant.

WYCHE, Chief Judge.

The above case is before me upon motion of plaintiff for summary judgment and upon motion of defendant to dismiss upon the ground that the complaint fails to state a claim upon which relief can be granted.

The action is brought by the plaintiff for the recovery of the sum of $8,000 for loss by fire under two fire insurance policies, issued by the defendant to the plaintiff on a one-story, seven-room, frame building, located in the Town of McCormick, South Carolina, which was destroyed by fire on November 22, 1952. In consideration of the payment of a premium in the sum of $19.60 the first policy in the sum of $4,000 was issued on the 21st day of May, 1952, and in consideration of another premium in the same amount the second policy in the sum of $4,000 was issued on the 16th day of September, 1952.

The defendant admits the material allegations of the complaint, except paragraph five in each cause of action, which alleges that there is due and owing by the defendant the sum of $4,000 under each policy of insurance, and then the defendant alleges as an affirmative defense that the two policies issued by the defendant to the plaintiff are null and void in that at the time they were applied for and issued plaintiff was *non compos mentis* and unable to contract and that for this reason there can be no recovery therefor by the plaintiff.

Plaintiff bought the two insurance policies and paid the premiums demanded therefor. The defendant has not returned these premiums nor has it offered to return them. The records in the office of the Probate Judge of McCormick County, South Carolina, show that: the plaintiff was adjudged incompetent by the Veterans Administration in the year 1936; thereafter, the Probate Judge on July 18, 1936, under the provisions of the Uniform Veterans' Guardianship Act, Code of Laws of South Carolina, 1952, §§ 31–201 to 31–227, appointed plaintiff's sister Mrs. Sudie P. Edmunds as Committee for plaintiff; thereafter in the year 1942, the Veterans Administration adjudged plaintiff competent; after this action was brought and on June 5, 1953, the Probate Court for McCormick County, South Carolina, adjudged the plaintiff sane and mentally competent; Mrs. Sudie P. Edmunds has never been officially discharged, as Committee for plaintiff, but has not acted in that capacity nor made a return since plaintiff was ad-

judged competent by the Veterans Administration in 1942.

At the time plaintiff bought the insurance policies from the defendant and paid for them he had been sane, according to the Veterans Administration, for approximately ten years; he has never been adjudged insane since that time. The fact that the Probate Judge had not discharged the Committee or the fact that he had not adjudged the plaintiff sane following the adjudication of sanity by the Veterans Administration is not sufficient to show that plaintiff was insane at the time he bought and paid for the insurance policies or at the time he brought this action.

■ But even if the plaintiff were incompetent at the time he bought the insurance policies, the defendant, having sold the policies of insurance and accepted its regular premiums therefor, is in no position now after the fire to raise the question of insanity. The contract is voidable only; it is binding on the defendant and it cannot be avoided by the defendant; the right to avoid a contract on the ground of insanity can only be exercised by the insane person, his guardian or representative; where a defendant is suing under a contract it was capable of making, it cannot plead the insanity of the other party; the contract of an insane person is voidable only at the election of the insane person. 32 C.J., p. 736, § 513; 44 C.J.S., Insane Persons, § 113; Harmon v. Harmon, C.C., 51 F. 113 at page 115; Caldwell v. Ruddy, 2 Idaho, Hasb., 1, 5, 1 P. 339; Carrier v. Sears, 4 Allen 336, 86 Mass. 336; Allen v. Berryhill, 27 Iowa 534, 1 Am.Rep. 309; Warfield v. Warfield, 76 Iowa 633, 41 N.W. 383; Arnous v. Lesassier, 10 La. 592, 29 Am.Dec. 470; Atwell v. Jenkins, 163 Mass. 362, 40 N.E. 178, 28 L.R.A. 694; San Francisco Credit Clearing-House v. MacDonald, 18 Cal.App. 212, 122 P. 964; Wamsley v. Darragh, 12 Misc. 199, 33 N.Y.S. 274; McClure Realty, etc., Co. v. Eubanks, 151 Ga. 763, 108 S.E. 204; McWilliams v. Doran, 103 Mich. 588, 61 N.W. 881; Brann v. Missouri State Life Ins. Co., Mo.App., 226 S.W. 48; Clark on Contracts (3d Ed.) 231; 1 Williston on Contracts, § 253; 1 Elliott on Contracts, § 382.

· In the case of Allen v. Berryhill, supra, the court held that where a contract had been entered into under circumstances which would ordinarily make it binding by a sane person with one who was insane, and such contract had been adopted, and was sought to be enforced by the representatives of the latter, it was no defense for the sane party to show that the other party was insane at the time the contract was made.

In the case of Atwell v. Jenkins, supra [163 Mass. 362, 40 N.E. 180], it was said: "The right to avoid is for the personal protection of the insane, and those who deal with them have been held to have no corresponding rights in all the cases which we have seen."

Counsel for the defendant, at the hearing of the motions, stated that the only other defenses the defendant has are that Mrs. Sudie P. Edmunds, former Committee for the plaintiff, is an indispensable party and that the plaintiff does not have the capacity to sue.

■ In my opinion, Mrs. Edmunds is not an indispensable party, but if she were, Mrs. Sudie P. Edmunds, as Committee for the plaintiff, could be added as a party-plaintiff under Rule 21, Rules of Civil Procedure, 28 U.S.C.A. There is no merit in this defense. The records in the Probate Judge's Office establish the fact that at the time the plaintiff brought this action he had been adjudged sane by the Veterans Administration, which was the department of government which originally adjudged him incompetent in 1936; after he brought this action he was also officially declared sane by the Probate Judge of McCormick County; there is no evidence that he is now insane or has been since he was adjudged sane by the Veterans Administration in 1942. Counsel for the defendant frankly admits there is no such evidence; he relies solely on the records of the Probate Court for McCormick County. Under such facts, it is my opinion that the plaintiff has the capacity to bring and to maintain this action. The failure of a Committee for an incompetent person to obtain a final discharge does not incapacitate the former ward from prosecuting

an action in his own name after he has been adjudged competent.

For the foregoing reasons, the motion of the plaintiff for summary judgment should be granted, and the motion of the defendant to dismiss should be denied, and

It is so ordered.

It is further ordered, That the plaintiff have judgment against the defendant in the sum of Eight Thousand ($8,000.00) Dollars, with interest at 6% per annum from November 22, 1952, and the costs and disbursements of this action.