JACKSON, ex dem. HAVERLY and wife; *vs.* FRENCH.

THIS was an action of ejectment. The plaintiff claimed to recover the equal undivided fourth part of a lot of land situate in the county of Saratoga. Nicholas Visscher, the maternal grandfather of the wife of Haverly, was the owner of the lot in question, and by his last will and testament bearing date 30th June, 1778, devised the same to his daughter Margaret, the wife of John Wemple. Wemple and wife had four children, of whom the wife of Haverly was one. Margaret Wemple died 12 or 14 years before the trial, and John Wemple died 5 or 6 years before the trial. It was proved that the defendant had acknowledged that he had purchased the land of John Wemple. This fact was shewn by the testimony of a witness who was present, and heard such acknowledgement when the defendant was stating his case to counsel, the witness and the defendant being both in possession of the same lot, and suits having been commenced against them by the lessors of the plaintiff for the recovery of the land, they together called upon counsel, in which interview the acknowledgment was made. This evidence was objected to by the defendant, but the objection was overruled by the presiding judge.

On the part of the defendant it appeared, that Nicholas Visscher, in his life time, promised to give the lot in question to Wemple and wife; that Wemple, during the life time of Visscher, entered into the possession of, and rented out the lot. The defendant had been in possession 36 years claiming the lot as his own.

The judge at the circuit ruled that Wemple was tenant by the curtesy, and that on his disease his children were entitled to the possession; that if Wemple entered into pos-

The *privilege* of not disclosing a communication made by a client to counsel is confined to *counsel* and to an *interpreter,* though *it seems* the rule might perhaps be extended to the *clerks* of counsel. But a person in no way connected with the counsel, present at a communication made to him by a client is bound to testify. Where a person entered into the possession of land belonging to his father-in-law, who promised to give the land to him and his wife, and subsequently by will devised the same to the wife, *it was held* in an action of ejectment brought by the heirs of the wife, that a possession of 36 years continuance under

a conveyance from the husband was not adverse; and that a conveyance to the husband from the ancestor could not be presumed.

Notice to quit not necessary where there is no tenancy in fact, and especially where the defendant disclaims to hold as tenant.

session of the lot under the parol permission of Visscher, he was a tenant at will, and the defendant having entered under Wemple stood in the same relation, and that, under the circumstances of the case, the defendant was not entitled to notice to quit. A verdict was found for the plaintiff, which was now moved to be set aside.

*M. T. Reynolds,* for defendant. Confidential communications to attorneys and counsel by their clients are privileged ; and if the attorney or counsel cannot betray them, no one else can. Here the communication was made to counsel. An attorney's clerk, who is present when a communication is made to his principal, cannot be examined. (11 Com. Law. R. 466. 12 id. 85. 1 Peters' Cir. R. 366. 6 Esp. 113.) The relation in which the witness and the defendant stood to each other at the time of the communication, ought to entitle the defendant to the protection of this rule of evidence.

An adverse possession was shewn. Wemple entered into possession, previous to the death of Visscher, under a promise that the land should be given to him. A parol gift is as effectual to support an adverse possession as a parol conveyance. (13 Johns. R. 120. 6 Cowen, 632.) Besides a conveyance may here be presumed.

If the defendant could be considered as a tenant at will, he was entitled to notice to quit.

*D. Cady,* for the plaintiff. A communication intended to be confidential, should not be made in the hearing of third persons. Where a necessity exists that another should be made privy to the communication between the client and his counsel, as where an *interpreter* must be resorted to, there is reason in the rule for extending the privilege ; not otherwise.

There can be no adverse possession in this case. The property was devised to the wife of Wemple in 1778. She died but 14 years since. Her husband could not hold adversely to her, nor could any one deriving title from him. There is no fact or circumstance on which to found the presumption of a conveyance. The defendant was not entitled to notice to quit.

*By the Court,* SAVAGE, Ch. J.   The counsel himself can-
not disclose a communication made to him by his client rel-
ative to a case in which the relation of client and counsel ex-
ists; but that privilege is confined to counsel, to an interpre-
ter, and perhaps to the clerks of an attorney or counsel,
though as to the latter the cases differ.   But if a party makes
communications to counsel in presence of persons in no way
connected with the counsel, such persons are bound to dis-
close what they may have heard.

ALBANY,
October, 1829.

Jackson
v.
French.

The fact being shewn that the defendant held under
Wemple, the question arises, could his possession be adverse
as against the lessors? I think not.   The property belonged
to Wemple's wife, and having issue, it was his during his life;
at his death it went to the heirs of his wife.   Under such
circumstances the possession is not adverse.

It is contended that the court are bound to presume a
conveyance by deed from Visscher to Wemple and wife.
Did nothing appear in the case as to Visscher's disposition of
the lot subsequent to his promise to convey, perhaps such
presumption might legitimately be made; but it appearing
that the promise was fulfilled by a devise of the property,
the court cannot presume that the testator would have made
such devise after he had given a deed to his daughter and
her husband.   The presumption, therefore, is the other way.
The judge decided that Wemple was tenant at will, and
so I think he was during the life of Visscher, who might have
dispossessed him or French at pleasure.   And the defend-
ant was not entitled to notice to quit; 1. Because he had dis-
claimed any tenancy, by claiming to be the owner of the
premises; and 2. Because in fact when the suit was com-
menced nothing like a tenancy existed.   After the death of
Visscher, Wemple or his grantee had an estate for the life of
Wemple, and at his death the property vested in the heirs of
Wemple's wife, who died before her husband.

The plaintiff is entitled to judgment for one fourth part of
the premises.