Clamorgan v. Greene.

HENRY CLAMORGAN *et al.*, Defendants in Error, v. ISAAC T. GREENE, Plaintiff in Error.

*Estoppel.*—Where, in a deed conveying an unconfirmed claim to land, without any warranty of title, both parties had recited, that the grantors in the deed were the owners of the claim as the only surviving heirs and devisees of the assignee by purchase from the original claimant, they are estopped from denying the truth of such recitals.

*Contract.*—Plaintiffs having an unconfirmed claim to lands, released the same to the defendant, he undertaking to prosecute the claim at his own expense, and for which he was to pay, if successful, a sum stipulated. The deed *inter partes,* also stipulated that after confirmation the land was to be considered as mortgaged for the consideration money. The defendant proseted the claim which was confirmed by Congress. *Held,* that when the claim was confirmed, the consideration became due.

*Evidence.*—When the defendant alleged that he had been deceived by the fraudulent misrepresentations of the plaintiffs, an unexecuted agreement between plaintiffs and defendant, which the latter had taken to his attorney for the purpose of having a proper agreement drawn, was correctly admitted in evidence in connection with other testimony, to show that defendant knew the facts which he alleged had been fraudulently concealed by the plaintiffs.

*Error to St. Louis Circuit Court.*

The facts are sufficiently stated in the opinion of the court.

The paper in the handwriting of Mr. Dayton, referred to, was an unsigned deed between the parties, similar to the instrument sued upon, which recited that the plaintiffs were interested in the claim with the heirs of their deceased brother, Louis Clamorgan. It was shown that defendant took this paper to his attorney for the purpose of having an instrument drawn to suit himself, which was the one sued upon.

Defendants offered evidence to show that Jacques Clamorgan had, in his life-time, sold the claim of Loisel, which evidence the court excluded.

*W. T. Wood,* for plaintiff in error.

I. The court wrongly excluded evidence offered by the defendant. The defendant was not estopped from showing that Jacques Clamorgan, in his life-time, had parted with his title,

19—VOL. XXXII.

and that the plaintiffs were not the legal representatives of Regis Loisel. · (1 Smith's L. C. 81 ; 1 Plowd. 134, *n.*)

II. The claim has not been prosecuted to a successful issue; the land has not been obtained. And the question, who are the legal representatives of Regis Loisel, under the act of Congress, is still to be determined.

The passage of the act of Congress did not give a successful issue; the delivery of the certificate of re-location was indispensable.

III. The paper in the handwriting of Mr. Dayton, testified to by Mr. Gantt, was wrongly admitted for plaintiff.

*Lackland, Cline & Jameson,* for defendant in error.

I. The successful issue intended by the deed was a confirmation by act of Congress. (Act Con. 1857–8, p. 294, Ch. 81, and p. 87, Ch. 51.)

II. The defendant was estopped from denying the recitals of the deed; and, therefore, the testimony offered by defendant to show that Jacques Clamorgan had, in his life-time, parted with his interest in the Loisel claim was properly excluded. (Dickson v. Anderson, 9 Mo. 156 ; Jœckel v. Easton, 11 Mo. 118.)

III. The paper in Dayton's handwriting was properly admitted to bring home to the defendant knowledge of the facts he alleged to have been fraudulently concealed.

IV. The defendant took the claim at his own risk; and the plaintiffs have given no warranty, but only a release and quit-claim.

BATES, Judge, delivered the opinion of the court.

The petition in this case is as follows :

The plaintiffs state, that, on the 16th of February, 1852, an agreement in writing was entered into and duly signed and sealed by and between the plaintiffs and the defendant, which agreement is here copied, and reads as follows:

"Whereas Jacques Clamorgan, late of St. Louis, Missouri,

had, in his life-time, a claim to one hundred and fifty thousand one hundred and sixty-two arpens eighty-five perches of land, which had been granted by Don Carlos Dehault Delassus to Regis Loisel, on the 25th of March, 1800, and was afterward purchased of Regis Loisel by said Jacques Clamorgan ; and whereas Henry Clamorgan and Cyprian Clamorgan are the grandsons and only surviving grand children and devisees of said Jacques Clamorgan ; and whereas the tract of land containing the above number of arpens was never confirmed by any of the boards of commissioners acting under authority of the laws of the United States, but the claim being presented to the board sitting in St. Louis, in the year 1834, for the adjudication of titles to land, was by the said board rejected because the same was beyond the limits of the State of Missouri—the said grant being, in truth, on an island in the Missouri river, above the north-western boundary of the State of Missouri ; and whereas Isaac T. Greene is desirous of prosecuting the said claim for his own use and benefit, and at his own proper cost ; therefore, in consideration of the covenant of the said Isaac T. Greene to pay to the said Henry and Cyprian Clamorgan, in case of a successful issue to his prosecution of said claim, the sum of six thousand dollars, the said Henry Clamorgan and Harriet his wife, and Cyprian Clamorgan, bargained, sold, transferred, enfeoffed, assigned, relinquished, and set over to the said Isaac T. Greene, and his heirs and assigns forever, all their right, title, claim, interest, estate and property of, in and to the aforesaid tract of land, for a more particular description of which reference is hereby made to the plat of survey made thereof by Antoine Soulard, and on file in the office of the recorder of land titles for Missouri ; to have and to hold the aforesaid tract of land to him, the said Isaac T. Greene, and his heirs, forever. It is hereby witnessed that the said land, after confirmation, shall be considered as mortgaged to the said Henry and Cyprian Clamorgan to secure the payment of the said sum of six thousand dollars ; and it is further witnessed that nothing therein contained is to be construed into a warranty of the

title to said land, except that the said Henry and Cyprian have not sold or disposed thereof to any other purchaser.

"In witness whereef the said parties have hereto set their hands and seals, the sixteenth day of February, in the year eighteen hundred and fifty-two.

HENRY CLAMORGAN, (L. S.)

HARRIET CLAMORGAN, (L. S.)

CYPRIAN CLAMORGAN, (L. S.)

ISAAC T. GREENE, (L. S.)"

And the plaintiffs allege, after said written agreement was made and executed, that defendant made endeavors to have the claim in said agreement mentioned confirmed by the Congress of the United States, and thereafter said claim was confirmed by an act of Congress entitled "An act for the relief of Regis Loisel, or his legal representatives," approved 24th of May, 1858; and also by an act entitled "An act to provide for the location of certain confirmed private land claims in the State of Missouri, and for other purposes," approved 2d June, 1858. Whereupon, in consequence of such successful issue of said claim, the defendant became liable to pay to the plaintiffs the sum of six thousand dollars in said agreement covenanted to be paid by the defendant to the plaintiffs. The defendant has been requested to pay said sum of money and has refused, and the plaintiffs ask judgment therefor, with interest thereon from the 24th of May, 1858.

The defendant in his answer charged that he was induced to enter into the agreement set forth in the petition by false and fraudulent representations made by the plaintiffs. The defendant also denied that the passage of the acts of Congress mentioned in the petition brought the prosecution of said claim to a successful issue. At the trial, it was proved that the defendant did prosecute before Congress the claim which was confirmed by the acts of Congress mentioned. Evidence was also given tending to show that some of the matters which the defendant contended were meant by recitals contained in the agreement were false, and some evidence that the defendant knew of their falsehood. No evidence is pre-

served that the plaintiffs made to the defendant any false representation.

The court gave the following instructions:

1. If plaintiffs induced defendant to enter into the contract sued upon by reason of false and fraudulent representations, as alleged in the answer, they cannot recover in this suit.

2. If Isaac T. Greene, the defendant, after the execution of the instrument in writing set out in the petition, made endeavors to have the claim in said instrument mentioned confirmed by the Congress of the United States prior to the passage of the acts of Congress mentioned in the petition; and if the claim mentioned in said instrument of writing is the same mentioned in said acts of Congress as the Regis Loisel claim, then the defendant is liable to pay the plaintiffs six thousand dollars, with interest at the rate of six per cent. from the commencement of the suit to the present time, and so the jury should find.

To which instructions defendant objected, and to the giving of which defendant at the time excepted. Defendant thereupon prayed of the court instructions to the jury as follows.

The court refused the following instructions asked by the defendant:

1. That the mere confirmation of the grant to Regis Loisel or his legal representatives, as enacted and provided in the acts of Congress given in evidence to the jury, without further proof of further action on the part of the government in perfecting and completing right and title under said acts, as provided for in said acts, is not sufficient to entitle plaintiffs to recover in this action.

2. That there is no evidence before the jury to entitle plaintiffs to recover in this action.

3. That if the jury find from the evidence that plaintiffs are not, and at the time of the making of the agreement sued on were not, the only heirs and representatives or devisees of said Jacques Clamorgan, but that said plaintiffs had a brother who died leaving children alive, and were living at the time of making this contract, and still are living, then, in such

case, the jury can only find a verdict against defendant proportioned to the interest of two thirds, claimed by said plaintiffs in and to said grantor's claim.

4. If the jury believe from the evidence that, at the time of the making of the agreement sued on, plaintiffs knew that the children of their brother Louis were living and entitled to their father's share in the grant and land mentioned in the agreement, and, knowing this fact, did not inform defendant thereof, such concealment and suppression of said fact was a fraud on defendant.

The first ground of defence was that the defendant was induced to enter into the agreement by the false and fraudulent representations of the plaintiffs. There was no evidence to support this defence, yet the court did instruct the jury that if such were the case the plaintiffs could not recover. Plainly, the defendant cannot complain of the action of the court in that matter.

The second ground of defence was, that the acts of Congress given in evidence did not show " a successful issue to his (defendant's) prosecution of said claim." From the language of the agreement, it is plain that the successful issue to which the parties looked was a confirmation of the claim, for, after the confirmation, the money was considered to be owing, and secured by mortgage of the land confirmed.

The act of Congress confirmed the land to Regis Loisel or his legal representatives, with a proviso that if any portion of it had been located under a law of the United States by any other person, or had been sold by the United States, the confirmee could relocate so much on other lands. Evidence was given that the defendant endeavored to have that act of Congress passed, and the court left it to the jury to find whether the defendant did so endeavor; and, also, whether the claim so confirmed was the same as that mentioned in the agreement. The jury found the claim to be the same; and that the defendant made endeavors to have it confirmed. The statements in the agreement (which bind the defendant as well as the plaintiffs) that Jacques Clamorgan, in his life-

time, had that claim by purchase of Loisel, and that the plaintiffs were the only surviving grandsons and devisees of Jacques Clamorgan, cannot be controverted by the defendant. Under these circumstances, judgment must necessarily have gone for the plaintiffs; and there was no error in the second instruction given.

In this view of the case, the instructions prayed by the defendant were properly refused. The evidence offered by the defendant and excluded, was properly excluded, because it only tended to deny the statements in the agreement, which he was estopped from denying.

The paper given in evidence by the plaintiffs, in the handwriting of Mr. Dayton, was properly admitted in connection with Mr. Gantt's testimony, to show that the defendant was aware of facts which, in his answer, he contended he was ignorant of, and which were fraudulently concealed from him.

Judgment affirmed. Judges Bay and Dryden concur.