TYLER v. HALL *et al., Appellants.*

DIVISION TWO.

1. **Land:** EJECTMENT: DEED: ESTOPPEL.   In ejectment plaintiff
   claimed title by conveyance from defendant of "all my right,
   title and interest which I inherited from my father * * * as one of
   three children and heirs at law in and to" the land described and
   partition between plaintiff and the heirs, under which the land in
   suit was allotted to him in severalty.   Defendant claimed under
   an unrecorded deed from his father to himself for life, remainder
   to the heirs of his body, with a restriction upon the alienation of
   his interest therein.   Plaintiff testified that defendant told him
   when he sold him his interest that the deed from his father had
   never been delivered to or accepted by him.   *Held*, that under the
   deed from defendant to plaintiff and the representations so made,
   defendant was estopped to deny that the deed to plaintiff conveyed
   such an estate in the land as he would have taken by inheritance
   had no deed been made by his father to him.

2. ———: ———: PLEADING ESTOPPEL.   The rule that an estoppel
   must be pleaded does not apply in ejectment suits in which the
   parties do not set out the titles under which they claim.

3. **Deed**: DELIVERY OF : BURDEN OF PROOF. Where in ejectment it appears that the deed, under which the defendant claimed title from his father, the original source of title, was found by the administrator after the father's death, in a desk kept by him and under his control, among other papers belonging to him and was by the administrator delivered to defendant, the burden of proof of delivery before the father's death is on the defendant.

4. **Practice**: EVIDENCE : CONFIDENTIAL COMMUNICATION BETWEEN ATTORNEY AND CLIENT. While under the statute (R. S. 1889, sec. 8925) an attorney is not a competent witness to prove professional communications made to him, if the person making them claims the benefit of the privilege, such privilege, however, does not extend to third persons who were present at the conference between the attorney and client, and such third persons are competent witnesses as to such communications.

5. **Deed**: DELIVERY : INTENTION OF PARTIES. The dominion of the grantor in a deed, to constitute delivery, must have passed from him with the intent that it should pass to the grantee, if the latter would accept it.

6. ——— : ———. So long as the delivery of a deed remains incomplete a grantor can change his intention relating thereto and destroy the deed if he so desires.

7. ——— : ———. No particular form or ceremony is essential to constitute delivery ; it may be made by acts or words, or by both.

8. **Practice**: INSTRUCTIONS. Where the instructions given fully and fairly state the law, the refusal of others to the same effect will not constitute error.

9. **Deed** : DELIVERY OF : INSTRUCTIONS. A deed left by the grantor in a place accessible to the grantee does not constitute a delivery in the absence of an intention on the part of the grantor to deliver and of the grantee to accept, and it is proper for the court to so instruct the jury.

10. **Practice**: COMMENT ON EVIDENCE. It is always competent for the court to declare to the jury the legal effect of facts in evidence, and so doing does not constitute a comment on the evidence.

11. **Land and Land Titles** : POSSESSION : INTENTION, INFERENCES AS TO. Whether or not a deceased parent placed his son in possession of land for the sole purpose of permitting him to enjoy the rents and profits,or in pursuance of a previous gift of the same,was in this case a question of intention to be inferred from the relation of the parties, their conduct and declarations,and all the facts and circumstances in evidence.

*Appeal from Henry Circuit Court.*—Hon. D. A. DeArmond, Judge.

AFFIRMED.

*R. M. Robertson, M. A. Fyke* and *O. L. Houts* for appellants.

(1) The deed from Sylvester Hall to George L. Hall being duly executed and acknowledged and in the possession of the grantee, there was *prima facie* evidence of delivery. *Terhune v. Oldis*, 44 N. J. Eq. 146 ; s. c., 14 Atl. Rep. 638. (2) "The question of delivery being one of fact, and possession being only primary evidence of delivery, he who disputes such facts may rebut the presumption arising from possession by showing that there has in fact been no delivery ; but it has been said that, when a deed is found in the possession of the grantee, nothing but the most satisfactory evidence of non-delivery should prevail against the presumption." *Ward v. Daugherty*, 7 Am. St. Rep. 151; s. c., 75 Cal. 240 ; Devlin on Deeds, sec. 294; *Tunson v. Chamblin*, 88 Ill. 379 ; *Farlee v. Farlee*, 21 N. J. Law, 280 ; *Black v. Shuve*, 13 N. J. Eq. 455 ; *Brown v. Brown*, 33 N. J. Eq. 653 ; *Purdy v. Coar*, 4 Am. St. Rep. 491 ; s. c., 109 N. Y. 448 ; *Hinson v. Bailey*, 5 Am. St. Rep. 700 ; *Davis v. Cross*, 52 Am. Rep. 177 ; *Stewart v. Weed*, 11 Ind. 92. (3) The third, fifth and sixth instructions given for respondent were improper as containing comments on the evidence. *Forrester v. Moore*, 77 Mo. 651 ; *Carroll v. Paul*, 16 Mo. 226; *Fine v. Public Schools*, 30 Mo. 166; *Gilliam v. Ball*, 49 Mo. 249. (4) The conversation between George L. Hall and his attorney, Lacy, was confidential, and should have been excluded. *Hull v. Lyon*, 27 Mo. 570; *Gray v. Fox*, 43 Mo. 570. (5) The court erred in construing the deed read in evidence by respondent from George L. Hall to J. K. Tyler, in this: If the deed from

Sylvester to George Hall was delivered, the finding should have been for appellant as to all the land, and instruction, numbered 1, on part of respondent should not have been given. *Clamorgan v. Lane*, 9 Mo. side p. 447; *Donaldson v. Printing & Pub. Co.*, 70 Mo. 168; *Dougal v. Fryer*, 3 Mo. side p. 40.

*W. W. Wood* and *S. P. Sparks* for respondent.

(1) The assumption in appellants' proposition that the deed was in the possession of Geo. L. Hall is incorrect. The evidence all showed without contradiction that Sylvester Hall died in possession of the deed, and the presumption is against delivery instead of in favor of it. *Huey v. Huey*, 65 Mo. 689; *Terhune v. Oldis*, 44 N. J. Eq. 146. (2) The third instruction declares a well-established principle of law. It is an every-day practice to declare to a jury the legal effects of facts in proof, where the existence of those facts raise a presumption of law. *Huey v. Huey, supra; Terhune v. Oldis, supra; Forrester v. Moore*, 77 Mo. 660. (3) The clause in restraint of alienation and the forfeiture clause were both void. The deed, while it conveyed only a life-estate to George L. Hall, conveyed a fee to his heirs, and there was no possibility of reverter to Sylvester Hall. And where this is the case a clause in express restraint of alienation, or any clause that places a fine or penalty upon alienation, is absolutely void. Thomas' Coke, top pp. 21–23, side p. 28, note s. *McDowell v. Brown*, 21 Mo. 57; *McElvaine v. Smith*, 42 Mo. 45; Boon on Real Prop., sec. 208; *Bank v. Davis*, 21 Pick. 45; *Montague v. Crane*, 12 Mo. App. 582; *McClearly v. Ellis*, 6 N. W. Rep. 571; *Mandelbaum v. McDonnell*, 29 Mich. 88; *DePeyester v. Michael*, 6 N. Y. 468; *Lampert v. Haydel*, 20 Mo. App. 616; *Pickens v. Dorris*, 20 Mo. App. 1; 2 Story, Eq. 974. There is no question but that the rule applies in legal estates. *Sparhawk v. Cloom*, 125 Mass. 263;

*Bank v. Adams*, 133 Mass. 27. (4) Hall, having exe-cuted a deed to his interest in the same land, describing himself as heir at law of Sylvester Hall, and the interest he conveys as that of an heir at law, he is estopped by his deed from denying that he conveyed such an interest. It is a solemn admission that he had no other title. Abbott's Trial Ev. 713; *Bailey v. Trustees*, 12 Mo. 174; *Clamorgan v. Green*, 32 Mo. 285. (5) Conceding that the deed had been delivered, yet Hall's representation to Tyler that it had not been, and that he had not accepted it, estops him from asserting any title under it as against Tyler. *Chouteau v. Goddin*, 39 Mo. 229; *Garnhart v. Finney*, 40 Mo. 449. (6) As to what constitutes deliv-ery and acceptance of deed. Tiedeman Real Prop., 812, *et seq.; Huey v. Huey*, 65 Mo. 689. (7) Notwith-standing the rule that generally estoppels *in pais* to be available must be pleaded, yet, when from the nature of the case no opportunity has been afforded a party to do so, he may avail himself of it at the trial. *Griffey v. O'Reilly*, 88 Mo. 418; 2 Hermann on Estoppel, sec. 1261.

MACFARLANE, J.—The action is ejectment to recover a tract of land in Johnson county. The answer admitted the possession and denied all other allega-tions.

Sylvester Hall, deceased, was the common source of title. Previous to his death, he owned the tract of land in controversy, and died seized of large tracts of land in Johnson and Pettis counties, leaving his widow and three children, George L. Hall being one of them. The widow took a child's part of the estate.

Plaintiff read in evidence a deed from defendant Hall to himself, dated the eighth day of August, 1885, describing therein about sixteen hundred acres of land, and including the land in controversy. This was in form a deed of general warranty, and described the inter-est conveyed as follows: "The following-described tracts

or parcels of land, situate in the county of Johnson and state of Missouri, to-wit: All my present right, title and interest, which I inherited from my father, Sylvester Hall, late of Pettis county, Missouri, as one of his three children and heirs at law in and to," following with a description of the lands conveyed. After the specific description, the following: "Also, all other real estate not hereinbefore described specifically, whether in said county of Johnson, or any other county in the state of Missouri, which I inherited from my said father, Sylvester Hall." This deed was duly acknowledged and recorded.

Plaintiff then put in evidence the record of a partition suit between plaintiff and the heirs of Sylvester Hall, by which the land in suit was set off in severalty to himself.

Defendant, in support of his title, offered an unrecorded deed from Sylvester Hall, dated July 30, 1881, conveying the land in suit to him for life, with remainder to the heirs of his body. This deed contained the following provision: "But under this conveyance, etc., said Geo. L. Hall is to have no power to sell or convey his life-estate in said lands, or any part thereof; and if the said George L. Hall shall at any time hereafter convey, or attempt to convey, his life interest or any part thereof in the lands hereby conveyed, or any portion of the same, then this deed shall become immediately void and of no effect." Under this deed defendant claimed title and the right to the possession of the whole of the land in suit.

I.   Plaintiff testified, and his testimony was undisputed, that defendant informed him when he sold him his interest in the estate inherited from his father, that this deed from his father had never been delivered to or accepted by him. The court held that, under the deed from defendant to plaintiff, and the representations so made, defendant was estopped to deny that the deed to plaintiff conveyed such an interest in the land as he

Tyler v. Hall.

would have taken by inheritance, had no deed been made by his father to him. The ruling of the court was undoubtedly correct. The deed from defendant to plaintiff not only undertook to convey all the interest in the estate inherited from his father, but the recitals therein plainly declared that the land in controversy was a part of the estate so inherited. The rule is that a recital, in a deed of a fact, will, in general, conclude the grantor and his privies. *Dickson v. Anderson*, 9 Mo. 156 ; *Clamorgan v. Greene*, 32 Mo. 285 ; *Bailey v. Trustees*, 12 Mo. 176.

"In order to determine whether a recital is evidence in a given case against a party, we have only to ascertain whether an acknowledgment or confession of the person who executed the deed would be competent." *Joeckel v. Easton*, 11 Mo. 124.

II. It is insisted that plaintiff cannot avail himself of the estoppel in this case for the reason that it was not pleaded. It is true, generally, that an estoppel must be pleaded in order to be available as a defense, but the rule does not apply to ejectment suits in which the parties do not set up the title on which they rely. The pleadings in this class of cases are not required to give notice to the opposite party of the title upon which reliance is placed. Plaintiff was not informed by the pleadings that defendant would rely upon a deed from his father, and had no opportunity to plead thereto, and was not required to do so. *Alexander v. Campbell*, 74 Mo. 143.

III. The principal contest in this case was over the question as to whether there had been a delivery of the deed from Sylvester Hall to defendant. The verdict was against the defendant for the whole of the land, and necessitated a finding by the jury that there was no delivery of this deed. If the trial of this issue was fair and without error, other questions become unimportant.

.After the death of Sylvester Hall, the deed in question was found by the administrator, in a desk kept by deceased, and under his control, among other papers belonging to him at his death. It was afterwards given into the possession of defendant by the administrator. The court instructed the jury that under this state of facts the burden of proving a delivery was on the defendant. The delivery of a deed is as essential to its validity as any other of the necessary acts. A party claiming under a deed is bound to prove its execution and delivery. The deed must have been complete before the death of the grantor. The burden of showing this was on the defendant, who claimed under the deed. If the deed, properly executed, had, on the death of the .grantor, been in the possession of the grantee, a presumption of delivery would have arisen, which could only have been overcome by satisfactory evidence. *Scott v. Scott*, 95 Mo. 300. The administrator had no power to complete it by delivery. The question was, in whose possession was the deed at the time of the death of the grantor, and not at some subsequent period. The instruction correctly declared the law.

IV. The administrator testified that after he had taken charge of the estate, in company with defendant, he consulted his attorney in regard to the deed and his duties in respect to it, and, in that interview, defendant had informed the attorney, after being questioned, that he had never seen the deed prior to his father's death, and that it had never been delivered to him. The administrator paid his counsel for this consultation, but required defendant to repay him. This testimony was objected to by defendant on the ground that the communication to the attorney was privileged. Under our statute, section 8925, which is a mere affirmation of the common law, an attorney is not a competent witness to prove communications made to him professionally and confidentially, if the person making them claims the privilege. This privilege, however, does not extend to

third persons who were present at a conference between attorney and client, and such third persons are competent witnesses and can testify to such communications. The rule of common law confined the privilege to counsel and the *media* of communication between client and counsel as clerk, interpreter, etc., and this rule has not been enlarged by the statute. *Jackson v. French*, 3 Wend. 339; *Hoy v. Morris*, 13 Gray, 520; *Goddard v. Gardner*, 28 Conn. 174.

V. The only remaining question is whether the court properly instructed the jury on the question as to whether the deed was delivered to defendant by his father, the grantor, prior to his death. The evidence on this question was conflicting. It shows, however, without conflict, that after the death of Sylvester Hall, the deed was found by the administrator in a desk among the papers of deceased, in an old envelope marked in pencil across the back, "Geo. L. Hall's deeds and Charlie Hall's deeds." In the same envelope were also a deed to Chas. U. Hall to another tract of land, an abstract of title and some tax receipts. Defendant and other members of the family of deceased had access to this desk. Sylvester Hall died in the spring of 1885. In the winter preceding his death, he had put defendant in possession of the land. The other evidence of delivery consisted principally of declarations of deceased to the effect that he had given the land to defendant, and the evidence tending to prove want of delivery consisted chiefly in the testimony of witnesses detailing admissions made by defendant that the deed had not been delivered. There was also evidence tending to prove that the grantor handed the deed to defendant, and told him to have it recorded. Defendant insists that upon the evidence the jury should have been peremptorily instructed to find in his favor.

To constitute a valid delivery, the dominion over the instrument must have passed from the grantor with

the intent that it shall pass to the grantee, provided the latter accept.    2 Greenleaf Ev., sec. 297.    Hence it was held in *Huey v. Huey*, 65 Mo. 689, that "the mere lodgment of a deed properly executed and acknowledged by the grantor in a place to which the grantee has access, and from which he can without hindrance transfer it to his own possession, with the intent on the part of the grantor that the grantee may, after his death, take it and have it recorded, and then become the owner of the land, does not constitute delivery of the deed." *Scott v. Scott, supra.*    The execution and acknowledgment of this deed, and putting the grantee in possession of the land alone, only constitute evidence that, at the time these acts were done, the grantor intended a future delivery, provided the grantee should accept.    So long as the delivery remained incomplete the grantor had the right to change his intentions, and, if he saw fit, to destroy the deed.    The undisputed facts, we think, did not authorize the peremptory instruction asked.

VI.    The court at the request of defendant gave the jury the following instruction : "The court instructs the jury that no particular form or ceremony is necessary to constitute a delivery of a deed ; it may be by acts or words, or both.    Anything which clearly manifests the intention of the grantor and the person to whom it is made that the deed shall then become operative and effectual, that the grantor shall lose all control over it, and that by it the grantee is to become possessed of the estate embraced in such deed is a sufficient delivery.    If the jury believe, therefore, from the evidence that Sylvester Hall, having signed and acknowledged the deed to George L. Hall offered in evidence, handed the same to said George L. Hall and told him to put said deed on record or words to that effect, and that George L. Hall accepted said deed, then such acts and words constitute a delivery of said deed, and you will so find."

This instruction declares the law relating to the delivery of deeds very favorably to defendant, and in accordance with the principles declared and approved by this court in the following and probably other decisions : *Huey v. Huey, supra ; Turner v. Carpenter*, 83 Mo. 336 ; *Miller v. Lullman*, 81 Mo. 314 ; *Scott v. Scott, supra.*

VII.  The court also, on its own motion, instructed the jury that if the grantor handed the deed to defendant, "and told him to have it recorded, or by words or acts, or by both words and acts, transferred the control of the deed to defendant and it was accepted by him," then the delivery was complete, although "the deed was left in the possession of the grantor, and was found by the administrator with his papers after his death." These instructions presented the law of the case fully and fairly to the jury, and a refusal to give other instructions, to the same effect, though differently worded, did not constitute error.  *Brown v. Railroad*, 99 Mo. 319.

VIII.  The court at request of plaintiff instructed the jury that though "Sylvester Hall during his lifetime kept the deed in a place to which George L. Hall had access, yet that fact, of itself, was not sufficient to constitute delivery.  The intention to deliver must be proven by some word or act of the grantor."

It is insisted that this instruction was a comment on the evidence, and was, therefore, improper.  It is always proper for the court to declare to the jury the legal effect of the facts in proof.  The very purpose of instructions is to advise the jury as to the legal effect of the evidence.  The fact that the deed was left by the grantor in a place accessible to defendant did not, as has been seen, constitute a delivery, in the absence of an intention on the part of the grantor to deliver, and of the grantee to accept it.  To simply declare this legal effect was not a comment on the evidence.

IX.  The court also instructed the jury that if Sylvester Hall put defendant in possession of the land

for the sole purpose of permitting him to enjoy the rents and profits thereof, and not in pursuance of making a previous gift of same, then such possession was "not evidence of the delivery of the deed." It is insisted that this instruction was improper for the reason that there was no evidence that Sylvester Hall put defendant in the possession for the sole purpose of permitting him simply to enjoy the rents and profits.

It is true there is no direct evidence of the intention of Sylvester Hall in giving defendant, his son, possession. The intention can however be inferred from the relation of the parties to each other, the conduct and declarations of each and all the facts and circumstances in evidence. It cannot be said that these did not tend to prove the intention. If the deed had been previously delivered, defendant had the legal right to go on the land and cut the timber without the consent of his father, and the declarations of the father in evidence to the effect that he wanted George to live on the place, and he could do as he pleased about cutting the timber, was inconsistent with ownership by the son, and is only consistent with a desire that he should merely "enjoy the rents and profits" under such possession.

No error appearing, the judgment is affirmed. All concur.