## Crawford's Estate.

Argued October 3, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. E. Jones,* of *Jones & Jones,* for appellant.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* for appellees.

OPINION BY MR. JUSTICE DREW, January 10, 1936:

Thomas B. Crawford died on September 8, 1932, leaving a will dated September 11, 1931, and a codicil thereto dated June 15, 1932. Both documents were admitted to probate and letters testamentary issued to the executors therein designated. On February 7, 1933, several parties in interest took an appeal to the orphans' court, alleging testamentary incapacity and undue influence. Appellant, who was not an heir, but who had been given a legacy of $5,000 in the will, which bequest was revoked in the codicil, was named as a party in interest and was served with a copy of the citation. No appearance was

entered in her behalf, she filed no answer, and she was not represented in the hearings. Testimony was taken from time to time. Finally, on April 10, 1934, "counsel for all parties in interest consenting thereto," a decree was entered dismissing the citation, refusing an issue, and declaring the probated writings to be the last will and testament of decedent. This decree was obtained pursuant to a written agreement dated December 30, 1933, by which the opposing parties agreed to an amicable settlement. Appellant was not consulted at the time of this compromise. In the meantime, on February 2, 1934, the executors filed their first and final account. On March 15, 1934, the account was confirmed absolutely and distribution was made accordingly. Subsequently, on September 6, 1934, appellant presented two petitions: (1) for a citation to show cause why an appeal should not be sustained and an issue awarded to determine the questions of testamentary incapacity and undue influence, and (2) to open the decree of April 10, 1934, and reinstate the proceedings. The present appeals are from the decree dismissing both petitions.

We consider first the petition whereby appellant sought to begin anew proceedings to set aside the will and codicil. It may be noted that both sides concede that the contest of a will is essentially an action in rem. See Miller's Est., 166 Pa. 97, 110; Bunce v. Galbrath, 268 Pa. 389, 393. It logically follows that there can be but one conclusive proceeding, into which all parties in interest must be brought, and in which the question of the validity or invalidity of the will must be finally established. Of course, if an interested party is not given notice, any decree which might be entered would not be binding upon him. But no such situation is present in this case. The facts are not in dispute. The record shows that several parties took an appeal from the probate of the will, that appellant was named in the citation, that she was duly served therewith, and that she took no steps to join in the contest. Subsequently, the

conflicting sides agreed to a dismissal of the citation. Five months thereafter appellant's petition to begin de novo was presented. Its refusal by the trial court was the only proper course. Appellant's failure to respond to the citation was certainly indicative of a decision not to join in the contest. There can be no doubt that the other parties were justified in so interpreting her conduct under the circumstances. They were under no duty to seek her consent.

It is true that section 40 of the Act of June 7, 1917, P. L. 447, permits a compromise or settlement of disputes concerning the validity of wills "after due notice to all parties interested." Clearly, active contestants of a will may not secretly agree to settle their contest to the prejudice of other parties in interest, whose inactivity may be due to a justified reliance upon the active parties to see that the contest is prosecuted to a deliberative conclusion by the court. Of course, where it appears that a consent decree or verdict has been obtained by fraud or by false representation (see Hambleton v. Yocum, 108 Pa. 304), an interested party who has had no notice thereof is in no way bound by it. Likewise, where contestants of a will receive money in virtue of a settlement of the contest, they may not exclude from a share therein one who is equally entitled although not an active contestant of the will and not a party to the settlement: see Seip's Est., 163 Pa. 423.

However, none of these situations is presented here. Appellant has no standing to invoke the provision concerning notice in section 40 of the Act of 1917, supra, for the reason that she was not an interested party within the meaning of that provision. She was not an heir, and the bequest given her by the will had been subsequently revoked by the codicil. As matters thus stood, she was entitled to nothing, and a successful contest or compromise thereof could take nothing from her. She therefore had no interest directly opposed to that of the contestants. She might, of course, have acquired

such an interest by contesting the codicil; if her contest had been successful she would have been a claimant under the will. But no such step was taken, although she actually had notice of the proceedings to contest the will, and must therefore be supposed to have been fully aware of the situation. On the contrary, she presented petitions to begin anew and to reinstate the contest of the will, more than a year after she was so notified. Appellant clearly was not, under the circumstances, a party whose joinder in the compromise agreement was necessary.

For like reasons, appellant may not be heard to complain of the action of the court below in refusing her petition to open the decree of April 10, 1934, and thereby reinstate the contest. The petition represents that appellant only recently acquired knowledge of a 1930 will in which she had likewise been given a legacy of $5,000. Apparently, the argument is that had she known of this earlier will at the time the proceedings were begun she would have entered on the side of the contestants. The 1930 will was revoked only by the writing which has been admitted to probate, and, if the latter were found to be of no effect, the disposition made of decedent's property by the earlier document would be controlling, and appellant would take thereunder. But the fact that she did not know of the existence of the 1930 will in no sense excused her failure to act during the pendency of the proceedings. She had full opportunity to appear and be heard, but she failed utterly to make use of it. When she finally acted, distribution had already been made. To reopen an audit after distribution, fraud must appear. But appellant does not allege fraud. Under the circumstances, it was incumbent upon appellant to present her case at the proper time, and the fact that she is not now permitted to do so is chargeable to her own neglect. She must therefore be held bound by the decree.

Decree affirmed at appellant's cost.