W. D. HOYT AND R. H. HOYT, *Plaintiffs in Error*, v. W. L. EVANS, *Defendant in Error*.

Division B.

Opinion filed June 5, 1926.

Petition for rehearing denied July 27, 1926.

*A. G. Hamlin* and *Duncan & Hamlin,* for Plaintiffs;

*J. W. Hunter* and *W. M. Kennedy,* for Defendant.

BUFORD, J.—The Hoyts were plaintiffs in an action of ejectment against W. L. Evans, claiming title and right of possession to certain lands in Lake County, Florida. The Hoyts claimed title under a warranty deed from W. R. Shipp; Evans claimed the equitable title derived from the same source prior to the conveyance by Shipp to the Hoyts.

It was the contention of the defendant that in 1920 he purchased the land from W. R. Shipp on a verbal contract the terms of which were that, Evans was to pay Shipp Twelve Hundred Dollars ($1,200.00), that he paid him Twenty-five Dollars ($25.00) cash and went into possession of the property with the agreement that he would pay him the additional sum of Two Hundred Dollars ($200.00) at the time when Shipp was in position to make good and sufficient deeds conveying the property and would at that time execute a mortgage for the balance payable at any

time within ten years without interest. That under this agreement Evans took possession of the property paying an additional Twenty-five Dollars ($25.00) on the purchase price and made extensive improvements on the same and worked and cultivated the same continuously thereafter; and that he had offered to pay Three Hundred Dollars ($300.00) on the purchase price to Shipp and that he had in no way defaulted in his contract. That prior to the purchase by the Hoyts he gave personal notice to them that he claimed the equitable title to the property and advised them fully of the terms of the contract.

It is shown that the Hoyts entered into a contract to purchase the property on August 26, 1921, and procured a deed from Shipp on the 13th day of September, 1921.

The main question raised and presented to the Court is: Whether or not if this was the true state of facts Evans could avail himself of these facts as a defense to the action brought by the Hoyts; and if so whether or not such facts were properly admitted in evidence under the plea of not guilty.

Under this state of facts the Hoyts succeeded to the legal title held by Shipp burdened with such equities as might exist between Evans and Shipp of which the Hoyts had either actual or constructive notice. Gamble v. Hamilton, 31 Fla. 401, 12 South. Rep. 229; Tate v. Pensacola, Gulf, Land & Development Co., 37 Fla. 439, 20 South. Rep. 542; 27 R. C. L. 719, *et seq.*, and cases there cited.

Such facts as are outlined above constituted a good defense against the plaintiff's action and proof thereof was admissible under the plea of not guilty. Thomas v. Goodbread 78 Fla. 278, 82 South. Rep. 635; Hagan v. Ellis, 39 Fla. 463, 22 South. Rep. 727; Coram v. Palmer, 63 Fla. 116, 58 South. Rep. 721; Tyler v. Hall, 106 Mo. 313, 17 Southwestern 319.

The verdict and the judgment were in favor of the defendant. A motion for new trial was made and the same was denied in the trial court.

The evidence was conflicting but it appears that the jury resolved these conflicts in favor of the defendant, the trial court refused to disturb the verdict.

There appears to have been no reversible error committed in the trial nor in the rendition of the verdict.

That part of the judgment reading as follows:

"IT IS FURTHER ORDERED AND ADJUDGED that the defendant herein do have and retain the tract and parcel of land here sued for, lying and being in the County of Lake and State of Florida, and described as

The Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) (less the South Half (S½) of the South Half (S½) of the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section Twenty (20), Township Eighteen (18) South, Range Twenty-seven (27) East, containing thirty (30) acres, more or less."

may very properly be construed to confer on the defendant the advantages of an adjudication which is not warranted either by the evidence or the verdict. The judgment should not change the status of the defendant nor should it appear to relieve him of the strict performance of his contract. His right of possession at the time of the institution of the suit is the matter which has been determined by the verdict under the pleadings. His right to "*have* and *retain* the parcel of land" was not a proper element of the judgment.

The judgment is therefore reversed with directions that a proper judgment be entered against the plaintiffs con-

forming to this opinion. See 7 Enc. Pl. and Prc. 350; 19 C. J. 1209.

Reversed for entry of proper judgment.

WHITFIELD, P. J., AND TERRELL, J., concur;

BROWN, C. J., AND ELLIS, J., concur in the opinion.