**MARY C. SCOTT, et vir, v. E. H. SIMMONS, et ux., H. D. SWEAT, et ux.**

10 So. (2nd) 122            Division B
October 27, 1942     Rehearing Denied November 12, 1942

James F. Wishart, Jr., for appellants.
A. B. Carlton, for appellees.

THOMAS, J.:

The chancellor, upon final hearing, dismissed the appellants' bill to foreclose a mortgage given 27 June 1925, to secure a part of the purchase price of the encumbered property. The mortgagor conveyed the land and the instrument contained no reference to the encumbrance. The last grantee deeded the property to one of the appellees, E. H. Simmons.

We now give a chronology of events, surrounding the final transaction, from which must be determined the propriety of the chancellor's ruling that the appellants were not entitled to a decree.

Pursuant to a verbal contract between them, the appellee, E. H. Simmons, gave the then owner a check for one hundred dollars as a payment on the purchase price 5 July 1939 and immediately took possession of the property and began fencing it. At the same time he received from the seller an abstract of title and had it "brought down to date." According to the stipulation of counsel for the litigants the abstract was "certified to the 8th day of July, 1939 . . ." Soon thereafter the vendee became satisfied of the marketability of the title. Although the exact date is not fixed by testimony it was some time between July 8 and July 29, 1939, that he notified the vendor of his readiness to complete the transaction and on the latter date the deed and the check for the balance of the purchase price were exchanged. In the meantime, 14 July 1939, the mortgage of 27 June 1925 was recorded. The deed was filed for record 29 December 1939, and 29 April 1940 the appellee Simmons first received actual knowledge of the existence of the mortgage.

The problem with which we are confronted is the relative rights of the vendee, who took possession under the verbal contract without knowledge of the mortgage and before it was recorded, and the mortgagee, who placed her mortgage on record before delivery and recordation of the former's deed. The genuineness of the possession by the appellee Simmons is not challenged and it is not even suggested that it was casual, occasional, temporary, equivocal or of such character as not to provoke inquiry. 8 Thompson on Real Property (Permanent Edition), Page 421, et seq. Being of this quality the possession was certainly notice to the mortgagee that the possessor had a real interest in the property and his rights, therefore, were not affected by the lien. The mortgagee was relegated for relief to the interest of the vendor which she could reach provided she gave actual notice to the vendee. Recording the instrument, after the commencement of the possession, did not relieve her of the necessity of informing him of its existence and of the default of the mortgagor if she intended her claim to attach to the amount owed by him to the vendor. See Thompson on Real Property, supra, Page 424.

Authority for this conclusion may be found in a decision of this Court, Marion Mortgage Co. v. Grennan, 106 Fla. 913, 143 So. 761, 87 A.L.R. 1492, where the same principle was involved and where the facts in all essential respects correspond with those in the instant case. It will be noted that in the cited case a purchaser went into possession of the property under a contract for deed and, subsequently, the owner gave a mortgage which was placed on record before the contract for deed was recorded. The court

recognized the rule that under the circumstances the mortgage was not constructive notice to the purchaser and that in the absence of any knowledge of that indebtedness or of default in its payment he, or his assigns, could continue to pay the amounts under his contract and eventually receive a deed conveying the property clear of encumbrances. We attach no importance to the fact that the contract for deed in the cited case was written and the one with which we are dealing, oral, because of the decision in Hoyt v. Evans, 91 Fla. 1053, 109 So. 311, recognizing the efficacy of unwritten agreements for sale.

Our conclusion is that the decree should be and it is—

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.