**612**

UNITED STATES of America,
Plaintiff,

v.

Beatrice Baxter PLEDGER, Individually
and as Executrix of the Estate of Harris A. Pledger, Deceased, and Floyd
Harris, Defendants.

No. 385.

United States District Court
N. D. Florida,
Marianna Division.

Feb. 7, 1958.

Harrold Carswell, U. S. Atty., Tallahassee, Fla., for plaintiff.

Ben F. Barnes, Marianna, Fla., for B. B. Pledger.

B. L. Solomon, Marianna, Fla., for Floyd Harris.

DE VANE, Chief Judge.

This is a suit by the United States to enforce a tax lien in the amount of $11,565.17, plus interest, for unpaid Federal income taxes assessed against Harris A. Pledger during his lifetime for the years 1943 and 1944. The suit is a three-pronged affair. The United States first seeks to recover a judgment against Beatrice Baxter Pledger as executrix of the estate of Harris A. Pledger for the full amount of the tax lien plus interest; second, to recover a judgment against Beatrice Baxter Pledger individually for the sum of $4,460.35, with legal interest from September 7, 1951, representing the cash surrender value on five insurance policies upon the life of Harris A. Pledger, which was paid by the insurance companies to Mrs. Pledger promptly after the death of Mr. Pledger; and third, to subject certain real estate owned by Floyd Harris to the judgment recovered against Beatrice Baxter Pledger as executrix of the estate of Harris A. Pledger.

The facts in the case are not in dispute. They have all been covered by stipula-

tions, by affidavits and by the deposition of Floyd Harris. Each party to the suit has filed a motion for summary judgment and the Court will dispose of each demand of the plaintiff separately.

1. As to the plaintiff's suit against Beatrice Baxter Pledger as executrix of the estate of Harris A. Pledger, the parties are in agreement and have so stipulated that the estate is indebted to the plaintiff in the sum of $11,565.17, plus interest as provided by law from April 19, 1948, and a judgment will be entered in favor of plaintiff and against the executrix of the estate of Harris A. Pledger for the amount due.

2. The parties are likewise in agreement that the cash surrender value of the five insurance policies carried by Harris A. Pledger amounted to $4,460.35 at the time of his death, that Mrs. Pledger collected this sum of money and is indebted to plaintiff for the amount so collected, plus interest from September 7, 1951. A judgment will be entered in favor of plaintiff and against Beatrice Baxter Pledger individually for the amount due by her.

3. Plaintiff's claim against Floyd Harris is quite a different matter and for reasons stated below, the Court finds and holds that the property owned by Floyd Harris described in the complaint filed herein cannot be subjected to plaintiff's income tax lien and sold to satisfy the judgment against the estate of Harris A. Pledger. The facts surrounding this controversy are briefly summarized below.

About 1923 Harris A. Pledger homesteaded a tract of land in Bay County, Florida, lying along the Gulf of Mexico. At that time and now the highest and best use for this property was and is the construction of cottages for recreational purposes. Floyd Harris was a nephew of Harris A. Pledger and worked for and assisted Pledger in the occupancy required under the law to homestead this property. Some time after Pledger secured a deed to the property, he conveyed to Harris the tract of land here involved as compensation for services rendered in helping homestead said property. The deed of conveyance bears date of July 15, 1941. It was not recorded until December 20, 1954. Subsequently, on September 29, 1943, Pledger conveyed to Harris a 50 foot tract of land which turned out to be a reconveyance of part of the land covered in the Pledger deed of July 15, 1941. Harris testified that when Pledger conveyed this property to him, it was under an agreement for the sale of an additional 50 feet of land adjoining that which he had already purchased and that he was not aware of the error in the deed until this controversy arose. Harris further testified that Pledger sold all his remaining holdings in the homesteaded tract about the same time. The second deed to the 50 foot tract was recorded July 3, 1944.

The Government insists, and counsel for Harris concedes, that the second deed of conveyance for the 50 foot tract is a nullity as Pledger had already conveyed this property to Harris. The stipulation in the case further shows that Harris built a beach cottage on this property in the spring of 1946 and has been continuously in possession of the property since that time. No part of the entire tract was ever placed under fence.

In 1948 the Commissioner of Internal Revenue assessed additional income taxes plus interest against Harris A. Pledger for the years 1943 and 1944 in the sum stated above. The Collector of Internal Revenue for Florida received notice of this assessment on April 19, 1948, and taxpayer having failed to pay same, filed notice of a Federal tax lien in Bay County, Florida, on November 24, 1950. Pledger died September 7, 1951, leaving no estate and plaintiff made no effort to enforce its tax lien against Pledger until after Harris had recorded his deed to the property in controversy on December 20, 1954, when plaintiff moved to subject this property to the satisfaction of its lien.

Plaintiff concedes that it has no valid claim against the 50 foot tract on which

the house constructed and owned by Harris is located. Plaintiff fixes this 50 foot tract as the boundary line of the property on which the tax lien does not attach due to the fact that this is the description of the property included in the second deed from Pledger to Harris dated September 29, 1943, and recorded July 3, 1944. This property along with other property on the Gulf of Mexico near Panama City has enjoyed a phenomenal rise in value during the last several years, and while there is no stipulation or evidence in the record as to the present fair market value of the property plaintiff here seeks to impress its lien upon, it was conceded by counsel for the parties at the hearing that the property was in all probability worth more than plaintiff's tax lien.

In the complaint plaintiff alleged that this property was conveyed to Harris without consideration, but it abandoned that claim during the trial of the case and relies here solely upon its contention that Harris did not have such possession of the property the plaintiff seeks to subject to its tax lien as would defeat the tax lien. There are numerous Florida cases on this question and this Court is of the firm opinion that these cases establish as the law of Florida that the possession of Harris to the entire tract was sufficient to defeat the tax lien. Only three cases will be cited in support of this statement. Others may be found cited in these cases. They are as follows: Marion Mortgage Company v. Grennan, 106 Fla. 913, 143 So. 761; Florida Land Holding Corporation v. McMillen, 135 Fla. 431, 186 So. 188; Scott v. Simmons, 151 Fla. 628, 10 So.2d 122.

It is the opinion of this Court that Harris' possession extended to the entire tract conveyed to him by Pledger under the deed of conveyance dated July 15, 1941, and such possession was and does defeat plaintiff's lien for taxes in this case. The Court holds further that plaintiff is not of the class of subsequent good faith creditors that suffered because of Harris' failure to record his deed prior to the filing of the tax lien in Bay County, Florida. The law and equities of this phase of the case are with Harris and not with plaintiff.

Judgments in the case will be entered in conformity with this Memorandum-Decision.